PARRY MANUF'G CO. v. HITCHCOCK MANUF'G CO. et al.

(Circuit Court, N. D. New York. July 24, 1893.)

1. PATENTS FOR INVENTIONS—LIMITATION OF CLAIMS—SULKIES.

Letters patent No. 266,895, issued October 31, 1882, to John Robinson, for improvements in sulky wagons, consisting in a construction which permits a lateral motion of the body, independent of the axle and wheels, so as to secure comfort in riding, ease the back of the animal, and avoid jar upon the wheels, must be limited, in view of the prior art, to the specific construction described, and are not entitled to the doctrine of equivalents.

2. SAME—INFRINGEMENT.

Claim 1 reads: "In combination with the cross bar, C, and the body, E, the hooks, F, and loops, G, the latter constructed as described, to permit a lateral movement of the body, as set forth." The loops, G, are made wider than the hooks, F, so as to permit a lateral play. *Held*, that this claim is limited by its terms, as well as by the state of the art, to the specific construction, and is not infringed by a cart having the body secured to the cross bar by L-shaped bolts or hinges, which do not permit the loose, swaying movement of the patent.

3. SAME—NOVELTY.

The second claim, covering a spring secured to the under side of the body, and connected at the ends to the rear portion of the shafts by

double shackles, whereby vertical and lateral motions are permitted, is void for want of novelty, as practically the same construction is shown in the patents of Soule, Jenkins, and Winecoff.

4. SAME—NOVELTY—LIMITATION—INFRINGEMENT.

The third claim reads: "In a two-wheeled wagon in which the body is pivotally connected at its forward end, a spring, H, arranged between such pivotal connection and the axle, as and for the purpose set forth." *Held,* that this claim, if strictly limited to the mechanism described, is void for want of novelty; and, if construed to include the devices which permit the swaying motion of the body, it is not infringed by a cart which does not have the hooks and loops of the patent, and in which the spring is not arranged between the pivoted connection and the axle.

In Equity. Suit by the Parry Manufacturing Company against the Hitchcock Manufacturing Company and others for infringement of a patent. Bill dismissed.

William M. Eccles, for complainant.

Irving H. Palmer and J. W. Suggett, for defendants.

COXE, District Judge. This is an equity action for infringement, based upon letters patent, No. 266,895, granted October 31, 1882, to John Robinson for improvements in sulky road-wagons. The specification says:

"My invention has for its objects to secure ease and comfort in riding, and to relieve the back of the animal from undue weight, while at the same time the usual jar upon the wheels is avoided; and with these ends in view my invention consists of the peculiar construction and arrangement of parts hereinafter fully described and specifically claimed. * * * E is the body of the wagon, which is secured at its forward end to the cross bar C by means of hooks F, which engage with loops G, secured to the cross bar. The loops G, as seen more particularly at Fig. 1, are wider than the hooks F for the purpose of permitting a sufficient lateral movement of the body in an obvious manner."

The claims are as follows:

"(1) In combination with the cross bar C and the body E, the hooks F and loops G, the latter constructed, as described, to permit of a lateral movement of the body, as set forth.

"(2) The spring H, connected to the under side of the body A, and having its ends connected to the rear portions of the shafts by double shackles I, whereby vertical and lateral motions are permitted, substantially as set forth.

"(3) In a two-wheeled wagon in which the body is pivotally connected at its forward end, a spring H, arranged between such pivotal connection and the axle, as and for the purpose set forth."

The defenses are lack of patentability and noninfringement. The field of invention is exceedingly narrow. For centuries improvements in vehicles drawn by animals have been going on in both hemispheres. It is manifest that a broad invention in this art is well nigh impossible. Improvements may be made from time to time, but patents therefor must be strictly construed and the claims limited to the precise advances made by the inventor. Derby v. Thompson, 146 U. S. 476, 13 Sup. Ct. Rep. 181; McCormick v. Talcott, 20 How. 402; Railway Co. v. Sayles, 97 U. S. 564; Harrow Co. v. Hanby, 54 Fed. Rep. 493. The novel feature of the patent is the combination, which, in addition to the vertical motion

of the spring, permits a lateral motion to be imparted to the body of the cart, thus insuring comfort to the traveler and durability to the wheels. If confined to this feature the patent may be sustained.

In addition to the limitations made necessary by the prior art it will be observed that the language employed narrows the first claim to the precise mechanism of the patent. Every element is restricted by a reference later to the structure described and shown. A claim so explicit cannot be enlarged by construction. Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274; Sutter v. Robinson, 119 U. S. 530, 7 Sup. Ct. Rep. 376; Snow v. Railway Co., 121 U. S. 617, 7 Sup. Ct. Rep. 1343; Machine Co. v. Williams, 44 Fed. Rep. 190, 194. The hooks F and loops G are not found in the defendants' cart. The body of their cart is secured to the cross bar by L-shaped bolts or hinges which do not permit lateral motion at that point. Certainly they do not permit the loose swaying motion of the patent. The complainant is not entitled to the benefit of the doctrine of equivalents, but even if it were, these bolts or hinges would not infringe the hook and loop connection of the patent.

Regarding the second claim it is thought that it is invalid for want of patentability. A spring having its ends connected to the shafts, and adjacent parts, by shackles, is old. Substantially the same construction is shown in the patents of Soule, Jenkins and Winecoff.

The third claim, if confined strictly to the mechanism described, is in the same predicament. There is no patentable novelty in a spring arranged as stated. A construction can, however, be placed upon this claim which will uphold it. It may fairly be construed to include the novel feature referred to, viz.: the devices which permit the swaying motion of the body of the cart. But if so construed the defendants do not infringe. They do not have the hooks and loops and their spring is not arranged between the pivoted connection and the axle.

The bill must be dismissed.