## GRAY *v.* BLANCHARD.

A writ of error sued out upon a judgment on a money demand will be dismissed where it affirmatively appears from the record, taken as a whole, that the amount actually in dispute is not sufficient to give this court jurisdiction.

MOTION to dismiss a writ of error to the Circuit Court of the United States for the Western District of Michigan.

*Mr. M. J. Smiley,* for the defendants in error, in support of the motion.

*Mr. J. W. Stone, contra.*

The facts are stated in the opinion of the court.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error sued out by the defendant below, when the judgment against him upon a money demand was for only $1,118.71. *Prima facie* this is the measure of our jurisdiction in favor of the present plaintiff in error; but he still thinks we must retain the cause, as the record shows that, having pleaded the general issue, he gave notice of set-off, claiming $10,000. It is true that such notice was given, but it is shown affirmatively by the record that the only dispute upon the trial under the notice was as to a single item, of the amount of $446. In short, the bill of exceptions shows distinctly that the only controversy between the parties was in respect to a claim by the plaintiff below of about $2,000, and by the defendant (plaintiff in error) as to this item of set-off. In his application for the removal of the cause from the State court to the Circuit Court, the plaintiff in error made this statement, to wit: "The matter in dispute exceeds, exclusive

of costs, the sum of $500, and is of the value of $2,000 ; " and the judge, in his charge to the jury, alluded to the fact that the amount in controversy was not sufficient to entitle the parties to a review in this court.

In *Lee* v. *Watson* (1 Wall. 337), it was held that " in an action upon a money demand, where the general issue is pleaded, the matter in dispute is the debt claimed ; and its amount, as stated in the body of the declaration, and not merely the damages alleged, or the prayer for judgment, at its conclusion, must be considered in determining whether this court can take jurisdiction." To the same effect is *Schacker* v. *Hartford Fire Insurance Co.* (93 U. S. 241), where we dismissed a case in which it appeared that the action was upon a policy of insurance for $1,400, because, although damages to our jurisdictional amount were claimed, it was apparent from the whole record that there could not be a recovery for more than the amount of the policy, and a small sum in addition for interest.

The principles upon which those cases rest are decisive of this. While in the absence of any thing to the contrary the prayer for judgment by the plaintiff, in his declaration or complaint, upon a demand for money only, or by the defendant in his counter-claim or set-off, will be taken as indicating the amount in dispute, yet if the actual amount in dispute does otherwise appear in the record, reference may be had to that for the purpose of determining our jurisdiction. Ordinarily this will be found in the pleadings, but we need not necessarily confine ourselves to them. We hear the case upon the record which is sent up, and if, taking the whole record together, it appears that we have no jurisdiction, the case must be dismissed. Here it is affirmatively shown that the value of the " matter in dispute " is less than our jurisdictional amount. The motion to dismiss will therefore be granted, and it is

*So ordered.*