NEW YORK CREDIT MEN'S ADJUST-
MENT BUREAU, INC., Trustee in
Bankruptcy, Appellant,

v.

DAVID STRAUSS & CO., Appellee.

No. 139, Docket 27116.

United States Court of Appeals
Second Circuit.

Argued Dec. 11, 1961.

Decided Dec. 11, 1961.

Julius Zizmor, New York City, for appellant.

Alexander H. Rockmore, New York City, for appellee.

Before LUMBARD, Chief Judge, MOORE and HAYS, Circuit Judges.

PER CURIAM.

In open court we dismiss the appeal.

The trustee in bankruptcy appeals from a decision of the United States District Court for the Southern District of New York, Richard H. Levet, J., affirming the referee's order to pay $166.75 to the appellee, an auctioneer appointed by the bankrupt's general assignee for the benefit of creditors for out-of-pocket expense in preparation for auction of the bankrupt's property.

When less than $500 is at stake, the Court of Appeals may review the district court sitting in bankruptcy only if leave to appeal has been granted by the Court of Appeals. Bankruptcy Act, § 24, sub. a, 11 U.S.C.A. § 47. Since the trustee-appellant has not requested leave to appeal, the appeal must be dismissed, see New York Credit Men's Ass'n v. Brown, 118 F.2d 6 (2 Cir.1941), unless there are circumstances which justify our disregard of such irregularity in the interests of substantial justice. See Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364 (1941).

Even were we to treat the filing of the notice of appeal as a request for leave to appeal, see, e. g., State of Calif. Dept. of Employment v. Fred S. Renauld & Co., 179 F.2d 605, 607–608 (9 Cir. 1950), we would be of the view that the question presented is not of sufficient importance.

Appeal dismissed, with costs.