HOUSEHOLD FINANCE CORPORA-
TION OF ATLANTA, Appellant,

v.

Charles B. JONES, Appellee.

No. 20093.

United States Court of Appeals
Fifth Circuit.

Aug. 27, 1963.

Kyle Yancey, Bullock, Yancey & Mitchell, Atlanta, Ga., for appellant.

Before RIVES and GEWIN, Circuit Judges, and SHEEHY, District Judge.

GEWIN, Circuit Judge.

This is an appeal from an order of the District Court granting the injunctive relief sought in a motion filed by the bankrupt Jones. On February 4, 1960, Jones filed a petition in bankruptcy with a schedule of debts listing Household Finance Corporation of Atlanta [1] as a secured creditor. On June 11, 1960, H.F.C. filed suit in a state court against Jones seeking judgment for $489.08, a debt arising out of a loan. H.F.C. claims that the debt was not discharged in bankruptcy because Jones had made false statements as to his financial liabilities in applying for the loan. Three days later, on June 14, the Referee in Bankruptcy entered the discharge order stating: "It further appearing that after due notice by mail no objection to the discharge of said bankrupt was filed within the time fixed by the court;". No appeal from the discharge was taken by H.F.C. Jones thereafter filed a motion in the U. S. District Court seeking an order enjoining H.F.C. from further prosecuting the action in state court.

A temporary restraining order was issued and the matter was referred to the Referee in Bankruptcy, under F.R.Civ.P. 53(c), who acted in the nature of a Special Master, held a hearing and took evidence. At the hearing, Jones and his wife, who was present at the time the loan was made, testified that Jones had

---

1. Herein called H.F.C.

been instructed by the appellant's agent to not list all of his outstanding debts:

"Q. Was that a first mortgage loan, Mr. Jones, that you gave Household Finance Company?

"A. No, sir.

"Q. Did you tell them at that time that you owed money on it?

"A. Yes, sir.

"Q. Now, this statement of condition that you said earlier—statement of indebtedness that you said you signed earlier, did this man that waited on you ask you any questions about money that you owed? Just tell the Court in your own words what happened.

"A. He asked me how much I owed and I told him, well, I'd have to think a bit about it as I didn't handle the money and that my wife did most of the paying of the bills, that I'd have to think a bit. And I started listing some of it down. It was getting quite late in the day and he said, 'Is that all?' And I said, 'No', I said, 'There's some more.' And I was thinking, you know, trying to give an accurate account if I could. And he said, 'What else?' I said, 'Well, doctors and drug stores.' And he said, 'What else?' I said, 'Well, I'm thinking.' He said, 'Well, that's enough.' Said, 'Put that down.' "

\* \* \* \* \* \*

"Q. Did he tell you why he said that was enough?

"A. He said, 'If you put down too many, they won't make the loan.' I'd already told him that I had a loan on the furniture and that was what I was putting up."

\* \* \* \* \* \*

"The Witness: [Mrs. Jones]

He didn't know. I paid all the bills. I handled the money. Charles worked and made the money and put it in the bank and I wrote checks and paid the bills. So he was asking me —We were filling out the papers, he was, and he stopped to ask me and we were discussing and he wrote down and the boy looked at the paper and he said, 'Is that all you owe?' And Charles said, 'No.' Said, 'We owe other bills.' And he said, 'Well that's enough.' "

After the hearing, the Referee rendered a report to which H.F.C. filed objections. The District Court referred the matter back to the Referee as Special Master for clarification and a "Supplementary Report of Special Master" to which objections were made by H.F.C. was submitted to the District Judge. This supplementary report stated in part:

"(15) Your Special Master finds, however, that while the statement was false, THE RESPONDENT, THROUGH ITS EMPLOYEE, DID NOT RELY UPON THAT STATEMENT IN MAKING THE LOAN: further that the statement was not given with the intent to deceive within the meaning of Section 17a(2) of the Bankruptcy Act AS AMENDED AND THE CASES CONSTRUING THAT SECTION BEFORE AMENDMENT.

"Accordingly, it is found that the debt which Respondent seeks to enforce is a dischargeable debt and unenforceable."

The District Judge then entered his order on the 27th day of August 1962, enjoining H.F.C. from further pursuing the matter in state court. On September 19, 1962, H.F.C. filed a notice of appeal to this court styled:

"In the Matter of: Charles B. Jones, Petitioner, vs. Household Finance Corporation of Atlanta, Case No. 37717 In Bankruptcy [Injunction]"

On this appeal it is appropriate to consider § 24 sub. a of the Bankruptcy Act, and Rule 11 of this Court. Section 24, sub. a of the Bankruptcy Act, 11 U.S. C.A. § 47 provides:

"Jurisdiction of appellate courts (a)

The United States court of appeals, \* \* \* are invested with appellate

jurisdiction from the several courts of bankruptcy * * * to review, affirm, revise, or reverse * * * And provided further, That when any order, decree, or judgment involves less than $500, an appeal therefrom may be taken only upon allowance of the appellate court."

Subsection (2) of Rule 11 of this court entitled "Appeals in Bankruptcy" is as follows:

"2. When the judgment appealed from involves less than $500, the allowance of the appeal by this court may be obtained as follows: The usual notice of appeal will be given in the lower court and the usual transcript of the record prepared and transmitted to the clerk of this court with evidence of notice to the appellees of the date of transmittal, accompanied with a brief petition for allowance of the appeal. Upon receipt of the transcript the clerk will docket the case and ten days thereafter will present the petition and transcript to the court if in session, and if not in session to a judge thereof, for allowance of the appeal. During the delay of ten days typewritten briefs may be filed in support of or opposition to the allowance. If the court or judge allows the appeal the case will then follow the usual course of appeals."

No petition for allowance of the appeal has been filed in this court.

The Supreme Court in Reconstruction Finance Corp. v. Prudence S. Adv. Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364 (1940), in reference to another bankruptcy statute granting discretionary appellate jurisdiction, said:

"In our view, however, Rule 73(a) is not applicable to appeals under § 250 (see 2 Collier on Bankruptcy (14th ed. p. 918) for they are permissive appeals which may be had not as of right but only in the discretion of the Circuit Court of Appeals. Since § 250 provides that they may 'be taken to and allowed by the circuit court of appeals,' the proper procedure for taking them is by filing in the Circuit Court of Appeals, within the time prescribed in § 25(a), applications for leave to appeal, not by filing notices of appeal in the District Court as was done here."

The Second Circuit has dealt with this question on two occasions. The first case, New York Credit Men's Ass'n v. Brown, 2 Cir., 1941, 118 F.2d 6, concluded as follows:

"Our jurisdiction depends upon how much the order of the district court 'involved'; if that was less than $500, it was necessary to obtain leave to appeal under the second proviso of § 24, sub. a, 11 U.S.C.A. § 47, sub. a, and as no leave was granted we have no jurisdiction, a question we must decide, although the appellee has not raised it. If in that inquiry we are confined to the petition, answer and order of the referee, no leave was necessary; if on the other hand we are free to examine the evidence and the referee's finding, the order of the district court 'involved' less than $500 as has just appeared. We have been unable to find any decision upon the question under § 24, sub. a—or under § 25, sub. a(3), 11 U.S.C.A. § 47, sub. a or § 48 sub. a(3), before 1938—but during the period when the jurisdiction of the Supreme Court depended upon the amount in dispute it became well settled that the court would look to the record at large. Gray v. Blanchard, 97 U.S. 564, 24 L.Ed. 1108; Tinstman v. First National Bank, 100 U.S. 6, 25 L.Ed. 530; New Orleans Nat[ional] Banking Association v. New Orleans Mut. Insurance Association, 102 U.S. 121, 26 L.Ed. 45; Hilton v. Dickinson, 108 U.S. 165, 174, 2 S.Ct. 424, 27 L.Ed. 688; Jenness v. Citizens' National Bank of Rome, 110 U.S. 52, 53, 3 S.Ct. 425, 28 L.Ed. 67. We think that that doctrine should be applied to § 24, sub. a and that in order to determine our

jurisdiction we must examine the whole record.

"Appeal dismissed."

In the second case, New York Credit Men's Adjustment Bureau, Inc. v. David Strauss & Co., 2 Cir., 1961, 296 F.2d 702, the earlier decision was followed and approved:

> "When less than $500 is at stake, the Court of Appeals may review the district court sitting in bankruptcy only if leave to appeal has been granted by the Court of Appeals. Bankruptcy Act, § 24, sub. a, 11 U.S.C.A. § 47. Since the trustee-appellant has not requested leave to appeal, the appeal must be dismissed, see New York Credit Men's Ass'n. v. Brown, 118 F.2d 6 (2 Cir.1941), unless there are circumstances which justify our disregard of such irregularity in the interests of substantial justice. See Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364 (1941).

> "Even were we to treat the filing of the notice of appeal as a request for leave to appeal, see, e. g., State of Calif[ornia] Dept. of Employment v. Fred S. Renauld & Co., 179 F.2d 605, 607–608 (9 Cir.1950), we would be of the view that the question presented is not of sufficient importance."

The requirement of § 24 of the Bankruptcy Act may be waived where a *special equity* or *exceptional circumstances* exist. State of California Dept. of Employment v. Fred S. Renauld & Co., 9 Cir., 1950, 179 F.2d 605. Under the facts and in the circumstances of this case we do not find the existence of such special equity or exceptional circumstances. H.F.C. had notice of the bankruptcy and the time set for final discharge, but no objection was made to the action of the Referee. The state court action was filed 3 days before the final discharge was granted. As the facts stand now, the Bankruptcy Court has ruled upon the dischargeability of the debt. A special master was appointed, a hearing was held, objections were rendered to the report of the special master, all of which were considered by the U. S. District Court and the report of the special master was approved. We are not disposed to upset such findings and conclusions, or to authorize pursuit of the matter in the state court. We reach the same conclusion here as was reached in the Strauss case, supra, and we quote from that opinion to express our conclusion:

> "Even were we to treat the filing of the notice of appeal as a request for leave to appeal * * *, we would be of the view that the question presented is not of sufficient importance."

The appeal is dismissed.