**FIDELITY BANK, N.A., a Nationally Chartered Banking Corporation, Plaintiff,**

v.

**Burt GARLAND and Donald M. McKay, Defendants.**

**No. CIV–78–0166–D.**

United States District Court, W. D. Oklahoma.

June 30, 1978.

---

Donald H. Lees, G. L. Jidge Verity, Oklahoma City, Okl., for plaintiff.

Richard R. Bailey, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action on a promissory note executed by Defendants Burt Garland and Donald M. McKay in their capacity as general partners of Thirty-Thirty Partnership (hereinafter referred to as "Thirty-Thirty"), an Oklahoma limited partnership. It is asserted that this Court has jurisdiction of the action by reason of diversity of citizenship and amount in controversy. The matter is now before the Court for consideration of Defendants' Motion to Dismiss. Defendants have filed a brief in support of their motion and Plaintiff has filed a brief in opposition to the same.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendants move to dismiss Plaintiff's Complaint on the basis that it fails to state a claim upon which relief can be granted. Defendants assert that the note involved in this action was executed by Thirty-Thirty, through the Defendants as general partners, and that on January 27, 1978 Thirty-Thirty filed a proceeding for Debtor's Arrangement Under Chapter XII of the Bankruptcy Act. Defendants contend that Plaintiff must sue Thirty-Thirty on the note and maintain that the instant suit against them is an attempt by Plaintiff to circumvent the automatic stay provisions of Rule 12–43,[1] Rules of Bankruptcy Procedure.

---

1. Rule 12–43 provides in part:

(a) *Stay of Actions and Lien Enforcement.* A petition filed under Rule 12–6 or 12–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

In its brief in opposition to Defendants' motion, Plaintiff maintains that under the circumstances involved in this case, it may sue the Defendants as general partners of Thirty-Thirty without joining the partnership as a party to the suit. It acknowledges that the law generally provides that a creditor may not sue the partner on a partnership obligation without first suing and obtaining a judgment against the partnership itself and then subjecting all of the partnership assets to the payment of such judgment. It argues, however, that as a creditor of a partnership whose assets have been placed under the administration of the Bankruptcy Court, it may sue the individual partners for the partnership's debt without first suing or simultaneously suing the partnership. Plaintiff contends that as the Defendants have placed the assets of Thirty-Thirty in the Bankruptcy Court and beyond the reach of this Court, they are estopped from now requiring the Plaintiff to first sue the partnership. Plaintiff asserts that the bankruptcy proceeding involving Thirty-Thirty does not stay this action.

In a Rule 12(b)(6) motion to dismiss, factual allegations should be construed favorably to the pleader. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Callaway v. United States*, 568 F.2d 684 (Tenth Cir. 1978). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the claimant can prove no set of facts in support of its claim which would entitle it to relief. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Cruz v. Beto, supra; Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Callaway v. United States, supra.*

An examination of the Complaint in this case discloses that Plaintiff has sufficiently stated an action against Defendants for recovery on a note. In 1951, Oklahoma passed a Uniform Limited Partnership Act, 54 Okl.Stat.1971 §§ 141–171. Under 54 Okl. Stat.1971 § 150, a general partner in a limited partnership "shall have all the rights and powers and be subject to all the restrictions and liabilities of a partner in a partnership without limited partners." The nature of a general partner's liability in a partnership without limited partners is provided for in 54 Okl.Stat.1971 § 215, which reads as follows:

§ 215. *Nature of partner's liability.—*
All partners are liable

(a) Jointly and severally for everything chargeable to the partnership under Sections 13 and 14.

(b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract.

Sections 13 and 14 of the act, mentioned in subsection (a) above, refer to wrongful acts and breach of trust. *See* 54 Okl.Stat.1971 §§ 213, 214.

■ In Oklahoma, a partnership is a legal entity separate and distinct from the individuals of which it is composed. *E. g., C. H. Leavell & Co. v. Oklahoma Tax Commission*, 450 P.2d 211 (Okl.1968); *Layman v. Readers Digest Association*, 412 P.2d 192 (Okl.1965); *Southard v. Oil Equipment Corp.*, 296 P.2d 780 (Okl.1956); *Oklahoma Farm Bureau Mutual Insurance Co. v. Mouse*, 268 P.2d 886 (Okl.1944). Under 54 Okl.Stat.1971 § 215, a partner is individually liable on a debt of the partnership entity. *In re Fowler*, 407 F.Supp. 799 (W.D.Okl. 1975). Where a partnership is in the process of dissolution in a court of competent jurisdiction and a creditor of the partnership brings an action for money judgment upon a contract between itself and the partnership and joins the individual partners as parties defendant, but does not pray for judgment against the partnership as a legal entity, it is not necessary to join the partnership itself as a party defendant. *See Carter v. Love*, 394 P.2d 472 (Okl.1964); 60 Am.Jur.2d *Partnership* § 323, at 213 (1972).

■ Defendants' contention that Rule 12–43, Rules of Bankruptcy Procedure, operates as an automatic stay upon the Plaintiff's bringing of this suit is misplaced. By

its terms, Rule 12–43(a) provides that the filing of a petition under Chapter XII "shall operate as a stay of the commencement or the continuation of any court or other proceeding against the *debtor*, . . ." (emphasis added). The word "debtor" is defined in 11 U.S.C. § 806(6) to mean

> a person, other than a corporation as defined in this title, who could become a bankrupt under section 22 of this title, who files a petition under this chapter and who is the legal or equitable owner of real property or a chattel real which is security for any debt, but shall not include a person whose only interest in property proposed to be dealt with by the arrangement is a right to redeem such property from a sale had before the filing of such petition.

As the Defendants herein are not parties in the Chapter XII proceeding involving Thirty-Thirty,[2] they do not come within the definition of a "debtor" as the term is used in Rule 12–43(a).

Thirty-Thirty filed its petition to proceed in bankruptcy under Chapter XII as an entity separate from its individual partners. Accordingly, the stay provided for in Rule 12–43(a) pertains only to actions or proceedings against Thirty-Thirty itself, and does not extend to anything beyond that distinct entity. Rule 12–43(a) does not operate as a stay of the instant action against the general partners on the partnership's note.

In view of the foregoing, Defendants' Motion to Dismiss the Plaintiff's Complaint is overruled.

---

**2.** 11 U.S.C. § 23 provides that a partnership, including a limited partnership containing one or more general partners, "may be adjudged a bankrupt either separately or jointly with one or more or all of its general partners." A partnership can also proceed in bankruptcy as an entity separate from its individual partners. *Schram v. Perkins*, 38 F.Supp. 404 (E.D.Mich. 1941); 1A Collier, *Bankruptcy* ¶ 5.03, at 694–98 (14th ed. 1975); *see generally, Liberty National Bank v. Bear*, 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536 (1928); *In re Jercyn Dress Shop*, 516 F.2d 864 (Second Cir. 1975).