L. Richard WOLFF, Plaintiff-Appellee,

v.

L. Carl WOLFF, Defendant-Appellant.

No. 84–1969
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1985.

**644**

Christopher M. Weil, Anthony A. Petrocchi, Dallas, Tex., for defendant-appellant.

W.W. Mitchell, II, Bruce Akerly, Dallas, Tex., for plaintiff-appellee.

Before RUBIN, RANDALL and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A party who consented to trial before a magistrate, with appeal of right to the district court pursuant to the Magistrate's Act,[1] seeks to appeal the district court's judgment. The Act permits such an appeal only with leave of the circuit court based upon a petition "stating specific objections to the judgment."[2] Because this court has never announced the standards by which we decide whether or not leave to appeal should be granted, we do so in this opinion. Because these standards were not met in this case, we deny leave and dismiss this appeal.

Richard Wolff, a citizen of New Jersey, and his brother, Carl Wolff, a Texas citizen, were partners in Citation Investment Company, which did business in Texas. After filing and later dismissing a suit in Texas state court seeking dissolution of the partnership, Richard filed this diversity action, reciting that the partnership had been dissolved on his earlier demand and seeking an accounting and a declaration that, as a partner, he owns a half interest in certain real estate, title to which was held by Carl. The district court first held that Citation, the partnership, was not a real party in interest and that joinder of Citation, even if necessary, would not destroy diversity jurisdiction. Thereafter, the parties consented to trial "of any and all further proceedings" before a magistrate with appeal of right to the district court.[3]

The magistrate rendered judgment dissolving the partnership, holding that the real estate was intended to be a partnership asset, declaring Richard a co-owner of it, awarding $55,458 to Richard based on an accounting of the difference in their respective capital accounts in the partnership, and declaring each to have an equal four and one-half percent interest in another limited partnership. On appeal, the district court affirmed the magistrate's judgment, and Carl then filed a notice of appeal to this court. In response, Richard contests our jurisdiction over the appeal because Carl has not filed a petition for leave to appeal as required by the Act.[4] Carl in turn asserts that this court should remedy any informality in the appeal and hold that, because Citation was an indispensable party and its joinder would have destroyed diversity, the case should be dismissed. Alternatively he contends that the statute of limitations on the action had run and that the magistrate's findings of fact were clearly erroneous.

Because the Act does not permit appeals of right from such district court judgments, we treat the notice of appeal as an application for leave to appeal. Finding, under the standards announced below, that the issues presented do not warrant our granting leave, we deny it and dismiss the appeal.

I.

Using a form provided by the district court, the parties in this action executed a consent to proceed before a magistrate. That provided that the magistrate would "conduct any and all further proceedings in the case (including the trial) and order the entry of a final judgment." The parties further agreed, pursuant to specific provisions in the Act,[5] that "any appeal shall be taken to a judge of the district court," and "[a]n appeal under § 636(c)(4) [of the Act] does not bar an appeal to the Fifth Circuit

1. 28 U.S.C. § 636(c)(4) and (c)(5).

2. 28 U.S.C. § 636(c)(5).

3. 28 U.S.C. § 636(c)(1), (4).

4. 28 U.S.C. § 636(c)(5).

5. 28 U.S.C. § 636(c)(4).

as provided by § 636(c)(5)," which provides that cases appealed to the district courts pursuant to such consent "may be reviewed by the appropriate United States court of appeals upon petition for leave to appeal by a party stating specific objections to the judgment."

The district court had, before referring the case to the magistrate, denied Carl's motion to dismiss for lack of jurisdiction based on the claim that joinder of Citation, whose citizenship would be that of the partners, would destroy diversity. The form consenting to trial before the magistrate and appeal to the district court mentioned only "further proceedings in the case" and said nothing about appeal of the jurisdictional issue already decided by the district court.

Section 636(c)(5) of the Magistrate's Act does not in terms foreclose appeal of right to this court of a preliminary jurisdictional decision made by the district court before referring the case to a magistrate for trial. Because the district court decided the jurisdiction issue preliminarily, and the parties did not consent to decision on that issue by the magistrate with appeal of right to the district court, we accept Carl's direct appeal of the jurisdictional issue and decide it, lest Carl be denied any appeal of right on this issue.

The statute, however, is not designed to accommodate the possibility that litigants will divide the issues in a single case and pursue a different appeal path for each issue, one to the district court for review of the magistrate's judgment based solely on the proceedings before the magistrate (with discretionary review by this court), and the other to this court for direct review of the district court's original interlocutory orders. This procedure is manifestly cumbersome and disturbs the evident purpose of the statute, to enable the parties to consent to appeal of the entire case from the magistrate to the district court "in the same manner as on an appeal from a judgment of the district court to a court of appeals," [6] with further review by this court only upon leave to appeal. To avoid this confusion, when in future cases the parties consent to entry of final judgment by the magistrate with appeal of right to the district court and discretionary review by this court, the district court is encouraged to submit the entire case to the magistrate, including preliminary issues such as subject matter jurisdiction.

## II.

Richard seeks to be declared the owner of a half interest in the Texas real estate, title to which is held by Carl, on the basis that, when the property was bought, the brothers intended it to be a partnership asset and Richard contributed to its purchase price. The suit does not seek to transfer legal title to the partnership but to assert Richard's claim to be declared a co-owner. Although Richard alleged that Citation had been dissolved when this action was filed, the complaint named Citation as an "additional nominal plaintiff."

The district court found that joinder of Citation, if necessary, would not defeat diversity jurisdiction because the real parties to the controversy are Richard and Carl and the partnership "is a nominal party joined solely for the purpose of performing any ministerial acts required for the final dissolution and winding up of the partnership."

■ In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative,[7] and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit.[8]

6. 28 U.S.C. § 636(c)(4).

7. *Navarro Savings Association v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425, 429 (1980); *Nunn v. Feltinton,* 294 F.2d 450, 453 (5th Cir.1961).

8. *Navarro Savings Association v. Lee, id.; see* 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3605 at 400 (2d ed. 1984).

■ Richard's complaint prayed that he "be adjudged a co-partner in the said property ... and entitled to one-half of the assets and profits thereof." The complaint did not seek to have title to the property conveyed to Citation. That partnership was either already dissolved, as Richard asserts, or was dissolved as a result of the judgment in this suit. In either event, transfer of title to the partnership would have been a formal and doubtless unnecessary act, requiring the partnership in dissolution to convey the real estate in turn to the partners.[9] Because the citizenship of the real parties in interest was diverse, the district court had subject matter jurisdiction of this action.

### III.

Acknowledging that he has not submitted a petition for leave to appeal stating specific objections to the judgment, except insofar as his brief may serve that purpose, Carl requests that we consider his notice of appeal together with his brief as a petition for leave to appeal.

While we have found no cases discussing the treatment of a notice of appeal as a petition for leave to appeal under the Magistrate's Act, Federal Rule of Appellate Procedure 6(a) presents an analogous situation. That rule provides that appeals under § 24 of the Bankruptcy Act[10] shall be sought by filing a petition for allowance of the appeal with the clerk of the court of appeals.

In *Reconstruction Finance Corp. v. Prudence Securities Advisory Group,*[11] the Supréme Court permitted a notice of appeal under another bankruptcy statute to be treated as a petition to allow the appeal, reasoning that "the defect is not jurisdictional in the sense that it deprives the court of the power to allow the appeal." The Court held that the court of appeals "has discretion, where the scope of review is not affected, to disregard such an irregularity in the interests of substantial justice." Invoking this discretion, but construing it narrowly, we have held, in *Household Finance Corporation of Atlanta v. Jones,*[12] that a notice of appeal under § 24 of the Bankruptcy Act[13] would be treated as a petition for allowance of the appeal only when "a special equity or exceptional circumstances exist."[14]

■ No jurisdictional obstacle, therefore, prevents us from regarding the notice of appeal filed by Carl in the district court as a petition for leave to appeal under the Magistrate's Act. Because the appellant has not been dilatory, the appeal appears not to be frivolous, and appellee has not shown that he will suffer unfair prejudice by our treating the notice as a petition for leave, we accept the notice of appeal filed in good faith as a timely attempt to seek leave to appeal.[15] Only in such unusual cases, however, will an appellant be permitted to bypass the provisions of § 636(c)(5), which contemplate a preliminary decision concerning appealability based on the tender of specific objections to the district court judgment.

### IV.

While this circuit has not announced the standards by which we will be guided in granting leave to appeal, the Eighth Circuit adopted such standards by formal court rule in 1980.[16] The Sixth Circuit, sitting en banc, did so in the recent case of *Penland*

---

**9.** *See Fidelity Bank, N.A. v. Garland,* 463 F.Supp. 37 (W.D.Okla.1978).

**10.** 11 U.S.C. § 47.

**11.** 311 U.S. 579, 582–83, 61 S.Ct. 331, 333, 85 L.Ed. 364, 367–68 (1941).

**12.** 322 F.2d 228 (5th Cir.1963).

**13.** 11 U.S.C. § 47.

**14.** 322 F.2d at 231.

**15.** *See Reconstruction Finance Corp. v. Prudence S.A. Group,* 311 U.S. 579, 582, 61 S.Ct. 331, 333, 85 L.Ed. 364, 367 (1941); 9 Moore's Federal Practice ¶ 206.06 (2d ed. 1985).

**16.** 8th Cir.R. 28, "Petitions for Leave to Appeal to Court of Appeals After Appeal to District Court of Magistrate's Judgment."

*v. Warren County Jail,*[17] modeling its criteria on those of the Eighth, with minor revisions to accommodate its procedure for handling motions. Because the Sixth and Eighth Circuits' discussion of the legislative history and purposes of the Magistrate's Act is incisive and accurate, because we approve of the standards adopted by those two circuits, and because of the desirability of national uniformity in the construction and application of this important legislation, we adopt the Sixth Circuit's discussion and the standards announced by it as our own.

■ The legislative history of section 636(c)(5) makes clear that the granting of a petition for leave to appeal is a matter of sound judicial discretion.[18] Relying on this legislative history and on precedent governing the treatment of petitions for leave to appeal under former 11 U.S.C. § 47(a) of the Bankruptcy Act,[19] the Sixth Circuit concluded that "discretionary appeals should be granted only if substantial and important questions of law are involved."[20] The Sixth Circuit reasoned, and we agree, that this standard follows the "preference" of the Magistrate's Act, expressed in the legislative history, that "cases tried before a magistrate and involving relatively easy questions of law should be appealed to the district courts .... [F]ull appeals to the courts of appeals generally would not be necessary in such cases."[21]

In further defining the "substantial and important question of law" standard, the Sixth Circuit adopted in substantial part the Eighth Circuit's criteria contained in Rule 28(a) of the Eighth Circuit Rules of Appellate Procedure. Rule 28(a) provides in part:

Permission for leave to appeal is a matter of sound judicial discretion.... The court will exercise its discretion in granting or denying permission to appeal in [the] light of the following guidelines:

(1) Permission to appeal may be denied if

(i) the ... issue on appeal is whether the magistrate's findings of fact are clearly erroneous, and the district court sitting as an appellate court has upheld the magistrate's findings; or

(ii) the dispositive issue or set of issues has been authoritatively decided recently, and the district court has found the magistrate's judgment to be consistent with the authoritative decisions; or

(iii) the issues raised on appeal are otherwise insubstantial.

(2) Permission to appeal will be granted if

(i) the magistrate has decided a substantial question of law not previously determined by this court or has decided it in a way inconsistent with applicable decisions of this court....

■ We adopt these criteria, as stated above, with the two modifications also adopted by the Sixth Circuit. First, "if a magistrate decides a question of law in a manner inconsistent with the decisions of this court but the district court corrects the error on the appeal as of right, then a further appeal to this court need not be granted."[22] Second, "since petitions for leave to appeal are submitted to a motions panel of this court rather than to a hearing panel, the motions panel need not decide that the magistrate and the district court actually failed to follow the decisions of

**17.** 759 F.2d 524 (6th Cir.1985).

**18.** *See* S.Rep. No. 74, 96th Cong. 1st Sess. 5, 13 (1979), U.S.Code Cong. & Admin.News 1979, p. 1469, 1482; H.R.Rep. No. 287, 96th Cong., 1st Sess. 12, 26 (1979), discussed in *Penland, supra* n. 17, 759 F.2d at 528.

**19.** *Household Finance Corp. v. Jones,* 322 F.2d 228, 231 (5th Cir.1963); *New York Credit Men's*

*Adjustment Bureau, Inc. v. David Strauss and Co.,* 296 F.2d 702 (2d Cir.1961).

**20.** *Penland, supra* n. 17, 759 F.2d at 529.

**21.** *Penland, supra* n. 17, 759 F.2d at 529, *citing* S.Rep. No. 96–74 at 5, 13; S.Rep. No. 95–344 at 5.

**22.** *Penland, supra* n. 17, 759 F.2d at 530.

this court in order to grant leave to appeal. Instead, the motions panel need only determine that there is a substantial likelihood that the magistrate and the district court violated circuit precedent. The panel assigned to hear the case would then decide whether the magistrate and the district court actually failed to follow circuit precedent." [23]

■ We "may grant leave to appeal as to some issues raised in a petition and deny leave to appeal as to other issues. When leave to appeal is granted in whole or in part, the petitioner need not return to the district court to file a notice of appeal. The granted petition shall be deemed a notice of appeal." [24]

As recognized in *Penland,* our discretion in granting or denying leave to appeal is "more circumscribed than the broad discretion exercised by the Supreme Court" [25] in deciding whether to grant a writ of certiorari. Although the Supreme Court considers the factors listed in Rule 17.1 of the Rules of the Supreme Court, the listed criteria do not control the Court's ultimate decision to grant or deny certiorari.[26] The standards stated above, however, will in future cases control our decision whether to grant leave to appeal under 28 U.S.C. § 636(c)(5). If an appellant meets these standards, we must grant leave to appeal. As pointed out by the Sixth Circuit, "[t]he conclusion that leave to appeal must be granted in some situations is not inconsistent with the concept of exercising discretion. Discretion rarely is unbounded. We have merely decided what standards will govern the exercise of discretion in § 636(c)(5) cases so that fair and consistent results will be obtained in the future." [27]

Having determined the standards governing grants of leave to appeal, we an-nounce, as did the Sixth Circuit, the proper procedure for filing the petition for leave to appeal and the necessary contents of future petitions. We borrow from the Sixth Circuit's decision in *Penland,* Rule 6(a) of the Federal Rules of Appellate Procedure, governing the filing of petitions for allowance of appeals under section 24 of the Bankruptcy Act, and from Rule 28 of the Eighth Circuit Rules of Appellate Procedure.

■ The petition for leave to appeal under section 636(c)(5) shall be filed with the clerk of the court of appeals within the time provided by Rule 4(a) for filing a notice of appeal, with proof of service on all parties to the action in the district court. A notice of appeal need not be filed.[28]

■ A petition for leave to appeal shall contain "(1) a copy of the statement in which the parties consented to the exercise of plenary jurisdiction by the magistrate and to having the appeal as of right lie to the district court," "(2) a concise statement of the case containing facts material to the questions presented," "(3) a statement of specific objections to the judgment and a concise argument relating to each objection," and "(4) an appendix containing the lower court docket sheet, copies of the final judgments of the district court and the magistrate, copies of any opinions rendered with these judgments and a copy of any part of the record referred to in the petition. The petition may not raise any issue that was not presented to the district court on the appeal as of right." [29] "The petition shall not exceed twenty-five pages in length (exclusive of the appendix), except by permission of the court upon good cause shown. The petition and appendix must be served upon the appellee and four copies must be filed with this court." [30] Within 7

**23.** *Penland, supra* n. 17, 759 F.2d at 530.

**24.** *Penland, supra* n. 17, 759 F.2d at 531, n. 5.

**25.** *Penland, supra* n. 17, 759 F.2d at 530.

**26.** *See* Introductory Paragraph, S.Ct. R. 17.1.

**27.** *Penland, supra* n. 17, 759 F.2d at 530.

**28.** *See* Fed.R.App.P. 6(a); 8th Cir.R. 28(b).

**29.** *Penland, supra* n. 17, 759 F.2d at 530. Compare 8th Cir.R. 28(c) and Fed.R.App.P. 6(b).

**30.** *Penland, supra* n. 17, 759 F.2d at 530. Compare 8th Cir.R. 28(d) and Fed.R.App.P. 6(c).

days after service of the petition an adverse party may file an answer in opposition, not to exceed 25 pages in length.[31] "Should the appellee refer to parts of the record not contained in the appendix to the petition, the appellee must submit copies of these portions of the record together with the answer. The service and filing requirements applicable to the petition shall also apply to the answer."[32]

The petition and answer shall be submitted without oral argument unless otherwise ordered.[33] The petition "will be referred to an administrative panel of this court. Permission to appeal shall require the concurrence of two judges. The court may summarily dispose of any case on the merits in its review of the petition for leave to appeal."[34]

Should this court grant leave to appeal, the parties shall proceed according to Federal Rule of Appellate Procedure 6(d) concerning payment of fees and bonds and the entering of the appeal upon the appellate docket.

## V.

 Wolff's notice of appeal, treated as a petition for leave to appeal, does not raise substantial and important questions of law under these standards. His contention, that Richard's cause of action is for the conversion of partnership property and, therefore, is barred by the Texas two year statute of limitations,[35] has been authoritatively decided recently and the district court found the magistrate's judgment consistent with these authorities. The magistrate found the applicable statute of limitations in Article 5527 of the Texas Revised Civil Statutes, which allows a four year period for "actions by one partner against his co-partner for a settlement of the partnership accounts" beginning when they cease "the dealings in which they were interested together." Texas courts have uniformly applied this article to suits to establish the existence of a partnership, to secure declarations as to property ownership, and for an accounting between the partners.[36]

Wolff's remaining contentions attack the fact findings made by the magistrate, which were affirmed by the district court. These issues do not, under our standards, provide a basis for granting leave to appeal.

For these reasons, we AFFIRM the district court's assertion of subject matter jurisdiction but deny leave to appeal the other issues and DISMISS the appeal.

---

**31.** See Fed.R.App.P. 6(b); Penland, supra n. 17, 759 F.2d at 530.

**32.** Penland, supra n. 17, 759 F.2d at 530–31.

**33.** See Fed.R.App.P. 6(b).

**34.** 8th Cir.R. 28(a).

**35.** Tex.Rev.Civ.Stat.Ann. art. 5526(2) (Vernon 1958) (actions involving the conversion of property to one's own use).

**36.** Irwin v. Basham, 507 S.W.2d 621, 624 (Tex. Civ.App.—Dallas 1974, writ ref'd n.r.e.); Boutell v. Hill, 498 S.W.2d 713, 715 (Tex.Civ.App.—El Paso 1973, no writ); Conrad v. Judson, 465 S.W.2d 819, 826 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.), cert. denied, 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 582 (1972); Heathington v. Heathington Lumber Company, 398 S.W.2d 822, 825 (Tex.Civ.App.—Amarillo 1966, no writ); Morris v. Nunn, 79 Tex. 125, 15 S.W. 220 (1890).