**Cecil O. ADAMS, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services of the United States, Defendant-Appellee.**

No. 85–1261.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 19, 1986.

Decided June 26, 1986.

Roger Edward Ryan, Springfield, Ill., for plaintiff-appellant.

Rosemary Rodrigquez, U.S. Dept. of Health & Human Services, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, COFFEY, Circuit Judge, and WILL, Senior District Judge.*

* The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation.

CUMMINGS, Chief Judge.

This appeal requires us to apply several provisions of the Federal Magistrate Act of 1979 and to delineate the standards for determining when we will grant a petition for leave to appeal under 28 U.S.C. § 636(c)(5). For the reasons set forth below, we treat plaintiff's notice of appeal as a petition for leave to appeal and deny the petition.

## I

On May 15, 1981, plaintiff filed an application for social security disability benefits. He alleged that he was disabled from performing any substantial gainful employment due to chronic obstructive lung disease (end-stage emphysema). The application was initially denied on June 30, 1981. Plaintiff filed a timely Request for Reconsideration which was denied on September 16, 1981. Plaintiff filed a timely appeal from this denial, a hearing was held before Administrative Law Judge Clark on December 7, 1981, and Judge Clark ruled on January 28, 1982, that plaintiff was not entitled to any benefits. A Request for Review of Judge Clark's decision was timely filed on February 3, 1982, and the Appeals Council rendered its decision affirming the decision of Judge Clark on March 18, 1982.

After having had his application for disability benefits denied at every level of administrative review, plaintiff on May 24, 1982, filed a complaint in district court for judicial review of the final agency decision denying him benefits. Defendant subsequently filed an answer and a motion for summary judgment. On October 19, 1982, the matter was referred to U.S. Magistrate Charles H. Evans. On February 10, 1983, plaintiff received a Notice of [Parties'] Right to Consent to Disposition of Civil Case by a U.S. Magistrate. This Notice stressed that such consent was "entirely voluntary." (Exhibit B to plaintiff's supplemental memorandum regarding jurisdiction).[1] The parties were notified on August 22, 1983, that a "Hearing on Pending Motions" was scheduled for September 23,

1983, in the room assigned to Magistrate Evans in the Federal Courthouse in Springfield, Illinois (Exhibit C). On September 23, 1983, both parties executed the Consent to Proceed Before a United States Magistrate, and also elected appeal to the district court (Exhibit 1 to defendant's supplemental memorandum regarding jurisdiction). On October 4, 1983, the district court entered an Order of Reference referring the case to U.S. Magistrate Evans for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and the parties' consent (Exhibit E).

Magistrate Evans entered an order on October 24, 1983, granting defendant's motion for summary judgment. Plaintiff filed a notice of appeal on November 4, 1983, accompanied by the following letter to the clerk of the district court:

Enclosed herewith is Plaintiff's Notice of Appeal from the Order entered October 24, 1983 by U.S. Magistrate Charles H. Evans to the *United States District Court* for the Central District of Illinois, Springfield Division. There is no transcript of the proceedings before the Magistrate. Please assemble and transmit the record in the customary manner. *Please note that this appeal is to the United States District Court and not the Seventh Circuit Court of Appeals.* (Exhibit F) (emphasis in original).

Plaintiff never took any steps to file a statement of the evidence or otherwise comply with Fed.R.Civ.P. 75(b). Due to this failure, no briefs were ever filed and the appeal to the district court lay dormant for more than fourteen months. On January 16, 1985, the district court affirmed Magistrate Evans' order for "[t]he reasons stated by Magistrate Evans in his order" (App. A–3). Plaintiff subsequently filed a notice of appeal in this Court.

Plaintiff claims several errors in the above-described process. First, he claims that the events leading up to his execution of the consent form on September 23, 1983, were inherently coercive, and thus his con-

---

1. All lettered Exhibits are to this memorandum.

sent was invalid. Second, he complains that he was effectively denied appellate review by the district court. Third, assuming that we do not find in plaintiff's favor on the first two issues, plaintiff asks that his notice of appeal to this Court be treated as a petition for leave to appeal so that the merits of his appeal will be considered here.

## II

To answer plaintiff's contentions, the Federal Magistrate Act of 1979 must first be briefly examined. For purposes of the instant case, the crucial aspect of this new legislation is that, upon the consent of the parties, a magistrate "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case * * *." 28 U.S.C. § 636(c)(1). Unlike referrals to a magistrate under previous law, in which the judge was free to accept, reject, or modify the recommendations made by the magistrate, *Delgado v. Bowen*, 782 F.2d 79, 81–82 (7th Cir.1986), a referral under 28 U.S.C. § 636(c) gives the magistrate full power to enter a final judgment without first making recommendations to the district court and having the district court adopt or reject his recommendations. The parties may then appeal directly to the appropriate United States court of appeals from the judgment of the magistrate in the same fashion as an appeal from any other judgment of the district court. 28 U.S.C. § 636(c)(3). Alternatively, the parties may consent to appeal to a judge of the district court in the same fashion as an appeal from a judgment of the district court to a court of appeals. 28 U.S.C. § 636(c)(4). If the latter course is pursued, the case in the district court may then be further reviewed on appeal by the appropriate United States court of appeals. 28 U.S.C. § 636(c)(5). However, in this latter case, such an appeal is not an appeal as of right, as it is when the parties elect to appeal the magistrate's judgment directly to the court of appeals under 28 U.S.C. § 636(c)(3). Instead, the appellant must petition the court of appeals for leave to appeal. 28 U.S.C. § 636(c)(5). In all

events, whether the initial appeal is to the court of appeals under § 636(c)(3) or to the district court under § 636(c)(4), the parties retain the right to seek ultimate review by the Supreme Court. 28 U.S.C. § 636(c)(5). Ten circuits, including this one, have upheld the constitutionality of this statutory scheme. *K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir.1985); *Gairola v. Commissioner of Va. Dept. of General Services*, 753 F.2d 1281, 1284–1285 (4th Cir.1985); *D.L. Auld Co. v. Chroma Graphics Corp.*, 753 F.2d 1029, 1031–1032 (Fed.Cir.1985), certiorari denied, —— U.S. ——, 106 S.Ct. 83, 88 L.Ed.2d 68; *Fields v. Washington Metropolitan Area Transit Authority*, 743 F.2d 890, 893–895 (D.C.Cir. 1984); *Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037, 1045 (7th Cir. 1984); *Lehman Brothers Kuhn Loeb, Inc. v. Clark Oil & Refining Co.*, 739 F.2d 1313, 1316 (8th Cir.1984) *(en banc)*, certiorari denied, —— U.S. ——, 105 S.Ct. 906, 83 L.Ed.2d 921; *Puryear v. Ede's Ltd.*, 731 F.2d 1153, 1154 (5th Cir.1984); *Collins v. Foreman*, 729 F.2d 108, 120 (2d Cir.1984), certiorari denied, —— U.S. ——, 105 S.Ct. 218, 83 L.Ed.2d 148; *Goldstein v. Kelleher*, 728 F.2d 32, 36 (1st Cir.1984), certiorari denied, —— U.S. ——, 105 S.Ct. 172, 83 L.Ed.2d 107; *Pacemaker Diagnostic Clinic, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 547 (9th Cir.1984) *(en banc)*, certiorari denied, —— U.S. ——, 105 S.Ct. 100, 83 L.Ed.2d 45; *Wharton-Thomas v. United States*, 721 F.2d 922, 929–930 (3d Cir.1983).

## A

The first issue raised by plaintiff concerns the voluntariness of his consent. Plaintiff conceded at oral argument that his consent was not coerced, yet he maintains that the procedure below somehow lacked the manifestation of consent required by the statute.

■ The consent required under 28 U.S.C. § 636(c) must be "clear and unambiguous." *Geaney v. Carlson*, 776 F.2d 140, 142 (7th Cir.1985); *Archie v. Christian*, 768 F.2d 726, 728 (5th Cir.1985);

*Parks v. Collins,* 761 F.2d 1101 (5th Cir. 1985); *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 719–720 (9th Cir.1982). The consent must be explicit and cannot be inferred from the conduct of the parties. *Geaney,* 776 F.2d at 142; *Archie,* 768 F.2d at 728; *Parks,* 761 F.2d at 1106. Of course, such consent must be voluntarily given. *Wimmer v. Cook,* 774 F.2d 68, 76 (4th Cir.1985). These standards regarding the validity of the consent must be carefully observed, for as we have previously noted valid consent is the linchpin of the constitutionality of 28 U.S.C. § 636(c). *Geaney,* 776 F.2d at 142; *Geras,* 742 F.2d at 1040–1041.

■ Applying these standards to the instant case, plaintiff's consent was valid, and so the magistrate properly had jurisdiction to enter a final judgment. Since plaintiff signed the consent form, there is no dispute that plaintiff's consent was clear, unambiguous, and explicit. Nor is there any argument that plaintiff was persuaded or induced by the magistrate to sign the form. Instead, plaintiff contends that it was intrinsically coercive for the magistrate to schedule a hearing and then, on the day of the hearing, expect the plaintiff to consent or not consent to the magistrate's jurisdiction. However, it is wrong to characterize the decision facing plaintiff as a "Hobson's choice." [2] If plaintiff had not consented, there is no indication that the scheduled hearing would have been cancelled; rather, the magistrate would merely have proceeded to hear arguments pursuant to the district court's earlier referral (issued on October 19, 1982, Exhibit A, p. 2) and submit a report and recommendation to the district court under 28 U.S.C. § 636(b). To assume that the magistrate would have been prejudiced against plaintiff in his more limited role under 28 U.S.C. § 636(b) if plaintiff had refused to consent to the magistrate's greater role under 28 U.S.C. § 636(c), because the magistrate might have known that plaintiff had withheld con-

sent, is simply unwarranted. A United States magistrate is not to be deemed to be that petty. While ideally the parties should have executed the consent form prior to the day of the scheduled hearing, the failure to do so does not render the consent invalid. Cf. *Collins v. Foreman,* 729 F.2d 108, 111 (2d Cir.1985), certiorari denied, — U.S. —, 105 S.Ct. 218, 83 L.Ed.2d 148 (two phone calls plus a letter from the magistrate do not constitute inducement or pressure by the magistrate sufficient to render the parties' consent involuntary).

**B**

■ Plaintiff's next issue concerns the appellate review he received in the district court. He contends that the Federal Rules of Appellate Procedure, and not Fed.R. Civ.P. 75(c), govern his appeal to the district court. Plaintiff is in error. Although in general an appeal of a magistrate's entry of a final judgment to the district court under 28 U.S.C. § 636(c)(4) is analogous to the "standard" appeal of a district court judge's final judgment to the court of appeals, there are several special procedural rules that govern appeals from a magistrate to a district court. One such rule is Fed.R.Civ.P. 75. The Federal Rules of Appellate Procedure, the rules that govern standard appeals, provide a useful backdrop in understanding Fed.R.Civ.P. 75, but that Rule is different from the analogous rules in the Federal Rules of Appellate Procedure, and it is Fed.R.Civ.P. 75, not the appellate rules, that governs proceedings on appeals from a magistrate to a district court judge. See 7-Pt. 2 Moore's Federal Practice ¶ 75.01[3] (1985) (hereinafter referred to as "Moore's").

Plaintiff's citation of Local Rule 18(h) of the United States District Court for the Central District of Illinois is inapposite. That Rule provides in pertinent part that:

> Notwithstanding the provisions of Section 636(c)(3) of Title 28, United States

---

**2.** Thomas Hobson (1544–1631) was an English liveryman. This phrase derives from his requirement that customers take either the horse nearest the stable door or none at all. THE

AMERICAN HERITAGE DICTIONARY 615 (Second College Edition 1982). The phrase appears in plaintiff's supplemental memorandum regarding jurisdiction, p. 7.

Code, at the time of reference to a magistrate, the parties may further consent to appeal on the record to a judge of the district court *in the same manner* as on an appeal from a judgment of the district court to a court of appeals. (Emphasis supplied.)

Local Rule 18(h) in no way contradicts Fed.R.Civ.P. 75. In fact, the quoted portion of the local rule is nothing more than a word-for-word repetition of the first sentence of 28 U.S.C. § 636(c)(4). Conducting plaintiff's appeal in "the same manner" as a standard appeal to the court of appeals and at the same time following certain special procedural rules that take account of the different nature of plaintiff's appeal (such as Fed.R.Civ.P. 75) is entirely consistent.

■ Fed.R.Civ.P. 75 was simply not followed by plaintiff-appellant in the instant case. Subparagraph (b)(2) of that rule puts the burden on the appellant to make arrangements to produce a transcript within ten days after filing the appeal. Alternatively, if no record of the proceedings is available for transcription, the parties must file a statement of the evidence. Subparagraph 75(b)(3). This duty of appellant is crucial, since the filing of the transcript or the statement of the evidence triggers the time schedule for filing briefs. Fed.R. Civ.P. 75(c) and generally 7-Pt. 2 Moore's ¶ 75.02. Plaintiff never took either of these alternative steps as required under Fed.R.Civ.P. 75(b). Instead, all he did was send an accompanying letter with his Notice of Appeal stating that there was no transcript and directing the district court clerk to "assemble and transmit the record in the customary manner." (Exhibit F). This of course does not constitute compliance with Fed.R.Civ.P. 75(b).

■ Given plaintiff's inaction and concomitant failure to comply with Fed.R. Civ.P. 75(b), the district court acted within its power when, after over fourteen months of inaction by plaintiff, it affirmed on the merits the magistrate's decision based on a limited record and no briefs. The failure to order a transcript or its equivalent under Fed.R.Civ.P. 75(b) was an error in a material step of the appeal process, 7-Pt. 2 Moore's ¶ 75.02[3], like the analogous error in a standard appeal under Fed.R.App.P. 10(b), 9 Moore's ¶ 210.05[1]. Such an error is a ground for "such action as the court of appeals deems appropriate." Fed.R.App.P. 3(a); *Gulf Water Benefaction Co. v. Public Utility Commission of Texas,* 674 F.2d 462, 466 (5th Cir.1982); *Thomas v. Computax Corp.,* 631 F.2d 139, 141 (9th Cir.1980); *United States v. One Motor Yacht Named Mercury,* 527 F.2d 1112, 1113 (1st Cir. 1975); *In the Matter of Plankinton Building Co.,* 133 F.2d 900, 901 (7th Cir.1943). Appropriate actions under Fed.R.App.P. 3(a) include deciding the case on the limited record presented, *Gulf Water,* 674 F.2d at 466; *One Motor Yacht,* 527 F.2d at 1113, as well as dismissing the appeal, Fed.R. App.P. 3(a); *Thomas,* 631 F.2d at 141; *Plankinton,* 133 F.2d at 901. The district court in the instant case thus acted within the realm of its discretion. Plaintiff has no one to blame but himself for not receiving a fuller appellate review.

### C

■ Plaintiff's final contention is that appellate review should be accorded in this Court. As noted previously, when parties consent to appeal the magistrate's decision to a district court, they are then entitled to a subsequent review in a court of appeals only if it grants a petition for leave to appeal. 28 U.S.C. § 636(c)(5). Plaintiff never filed a petition for leave to appeal, but asks that we treat his notice of appeal as a petition for leave to appeal. Filing a notice of appeal instead of a petition for leave to appeal can hardly be deemed a jurisdictional defect, and since plaintiff was not dilatory, the appeal is not frivolous, and defendant will not suffer undue prejudice if we treat the notice of appeal as a petition for leave to appeal, we shall do so. *Moore McCormack Lines v. International Terminal Operating Co., Inc.,* 784 F.2d 1542, 1544–1545 (2d Cir.1986); *Wolff v. Wolff,* 768 F.2d 642, 646 (5th Cir.1985).

This case gives us the first opportunity to comment on the appropriate standards for deciding whether to grant a petition for leave to appeal. As several courts have noted, the legislative history of Section 636(c)(5) clearly demonstrates that our decision whether to grant a petition for leave to appeal is a matter of sound judicial discretion. See S.Rep. No. 74, 96th Cong., 1st Sess. 5, 13 (1979), U.S.Code Cong. & Admin.News 1979, p. 1469, 1482; H.R. Rep. No. 287, 96th Cong., 1st Sess. 12, 26 (1979), discussed in *Wolff,* 768 F.2d at 647; *Penland v. Warren County Jail,* 759 F.2d 524, 528 (6th Cir.1985). Additionally, our role under Section 636(c)(5) is at the second level of review and therefore analogous to the role played by the Supreme Court in deciding whether to grant certiorari in standard appeals from the courts of appeals. However, the analogy is not perfect; Congress rejected the writ of certiorari standard that was contained in the 1977 and 1979 House bills, and thus our discretion is somewhat more limited than the extremely broad discretion exercised by the Supreme Court. *Wolff,* 768 F.2d at 648; *Penland,* 759 F.2d at 528–530. It is with these parameters in mind that we must determine the appropriate standards for deciding whether to grant a petition for leave to appeal.

The Eighth Circuit has faced this issue and adopted standards for determining whether to grant a petition for leave to appeal by formal court rule in 1980. 8th Cir.R. 28, "Petitions for Leave to Appeal to Court of Appeals After Appeal to District Court of Magistrate's Judgment." The Sixth Circuit, in an excellent opinion, thoroughly reviewed the legislative history and purposes of the Magistrate Act, concluded that "petitions for leave to appeal need be granted only in cases involving substantial and important questions of law," and basically adopted the same criteria as the Eighth Circuit with two minor revisions. *Penland,* 759 F.2d at 527–530. The Fifth Circuit, noting all of the above plus "the desirability of national uniformity in the construction and application of this important legislation," adopted the Sixth Circuit's discussion and the standards announced by it. *Wolff,* 768 F.2d at 647.

■ We agree with the conclusion of the Fifth, Sixth, and Eighth Circuits that petitions for leave to appeal should be granted only in cases involving substantial and important questions of law. In particular, we join the Fifth Circuit in adopting the Sixth Circuit's persuasive discussion of the legislative history and purposes of the Magistrate Act that leads to this conclusion. *Wolff,* 768 F.2d at 647. We share the sentiments of the Fifth Circuit regarding the desirability of national uniformity in the construction and application of this important legislation. Accordingly, we join these Circuits in holding that this Court will exercise its discretion in granting or denying permission to appeal in light of the following guidelines:

(1) Permission to appeal may be denied if

(i) the issue on appeal is whether the magistrate's findings of fact are clearly erroneous, and the district court sitting as an appellate court has upheld the magistrate's findings; or

(ii) the dispositive issue or set of issues has been authoritatively decided recently, and the district court has found the magistrate's judgment to be consistent with the authoritative decisions; or

(iii) the issues raised on appeal are otherwise insubstantial.

(2) Permission to appeal will be granted if

(i) the magistrate has decided a substantial question of law not previously determined by this court or has decided it in a way inconsistent with applicable decisions of this court.

*Wolff,* 768 F.2d at 647; *Penland,* 759 F.2d at 529. Moreover, we adopt the two modifications set out by the Sixth Circuit and adopted by the Fifth Circuit:

First, "if a magistrate decides a question of law in a manner inconsistent with the decisions of this court but the district

court corrects the error on the appeal as of right, then a further appeal to this court need not be granted." Second, "since petitions for leave to appeal are submitted to a motions panel of this court rather than to a hearing panel, the motions panel need not decide that the magistrate and the district court actually failed to follow the decisions of this court in order to grant leave to appeal. Instead, the motions panel need only determine that there is a substantial likelihood that the magistrate and the district court violated circuit precedent. The panel assigned to hear the case would then decide whether the magistrate and the district court actually failed to follow circuit precedent."

*Wolff,* 768 F.2d at 647–648, quoting *Penland,* 759 F.2d at 530. Additionally:

We "may grant leave to appeal as to some issues raised in a petition and deny leave to appeal as to other issues. When leave to appeal is granted in whole or in part, the petitioner need not return to the district court to file a notice of appeal. The granted petition shall be deemed a notice of appeal."

*Wolff,* 768 F.2d at 648, quoting *Penland,* 759 F.2d at 531 n. 5.

■ Under these standards, plaintiff's petition for leave to appeal must be denied. The merits of this appeal involve substantiality of the evidence, an issue which we have addressed numerous times before. See, *e.g., Delgado v. Bowen,* 782 F.2d 79 (7th Cir.1986); *Bunch v. Heckler,* 778 F.2d 396 (7th Cir.1985); *Fox v. Heckler,* 776 F.2d 738 (7th Cir.1985). In no way can it be claimed that Magistrate Evans "decided a substantial question of law not previously determined by this court or has decided it in a way inconsistent with applicable decisions of this court."

For the above reasons, plaintiff's petition for leave to appeal is denied.