64 F.3d 658
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald E. MARTIN, Plaintiff--Appellant,
v.
WARDEN OF GREENSVILLE CORRECTIONAL CENTER; Mrs. Rawls, Unit
Technician, Defendants--Appellees.
 No. 95-6915.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 27, 1995.
Decided: August 22, 1995.
 
 Donald E. Martin, Appellant Pro Se. Mary Elizabeth Shea, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellees.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant petitions pursuant to 28 U.S.C. Sec. 636(c)(5) (1988) for leave to appeal a decision of the district court affirming the magistrate judge's dismissal of Appellant's 42 U.S.C. Sec. 1983 (1988) complaint.* Because Appellant has failed to present a substantial question of law for review, we dismiss the petition for leave to appeal. See Adams v. Heckler, 794 F.2d 303, 309 (7th Cir.1986) (holding that petitions for leave to appeal under 28 U.S.C. Sec. 636(c)(5) should only be granted in cases involving substantial and important questions of law); Wolff v. Wolff, 768 F.2d 642, 647 (5th Cir.1985) (same). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 The parties consented to the jurisdiction of the magistrate judge with appeal to the district court. See 28 U.S.C. Sec. 636(c)(4). In these circumstances, the final judgment entered on the district court's decision "may be reviewed by the appropriate United States Court of Appeals upon petition for leave to appeal by a party stating specific objections to the judgment." 28 U.S.C. Sec. 636(c)(5); see Fed. R.App. P. 5.1(a). Appellant filed a notice of appeal, which does not satisfy this requirement. See Adams v. Heckler, 794 F.2d 303, 308 (7th Cir.1986); Moore McCormack Lines, Inc. v. International Terminal Operating Co., 784 F.2d 1542, 1544 (2d Cir.1986). The defect is not jurisdictional, however, and we have discretion to treat Appellant's notice of appeal as a petition for leave to appeal. See Moore McCormack Lines, Inc., 784 F.2d at 1545. We have done so