**MOORE McCORMACK LINES, INC.,**
**Plaintiff-Appellant-Petitioner,**

v.

**INTERNATIONAL TERMINAL OPERATING CO., INC.,**
**Defendant-Appellee-Respondent.**

Nos. 85–8125, 85–7921.

United States Court of Appeals,
Second Circuit.

Submitted Dec. 17, 1985.

Decided March 6, 1986.

Dougherty, Ryan, Mahoney, Pellegrino, Giuffra & Zambito, New York City (Vincent J. Barra, New York City, of counsel), for plaintiff-appellant-petitioner.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for defendant-appellee-respondent.

Before OAKES, KEARSE and PIERCE, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Moore McCormack Lines, Inc. ("Mormac"), an ocean carrier, petitions pursuant to 28 U.S.C. § 636(c)(5) (1982) for leave to appeal from a judgment of the United States District Court for the Southern District of New York, Charles L. Brieant, Jr., *Judge*, affirming the dismissal by United States Magistrate Joel Tyler of its complaint against defendant International Terminal Operating Company, Inc. ("ITO"), for damage to and loss of cargo that was to have been loaded aboard Mormac's vessels. The district court's judgment was entered on October 16, 1985, 619 F.Supp. 1406, and Mormac filed a notice of appeal to this Court, unaccompanied by a petition for leave to appeal, on November 13, 1985. ITO filed a motion to dismiss on the ground that, because the notice of appeal was not accompanied by a petition for leave to appeal, the notice was insufficient to invoke the jurisdiction of this Court. For the reasons below, we deny the motion to dismiss the appeal and we grant the petition for leave to appeal.

## BACKGROUND

The present lawsuit, commenced by Mormac in 1980, arises out of an agreement for ITO to provide Mormac with stevedoring and terminal operating services. According to the complaint, ITO agreed to receive, store, and load cargoes aboard Mormac's vessels and to discharge, store, and deliver cargoes to the respective consignees. Mormac sued ITO for loss of or damage to its cargoes on grounds of negligence, breach of contract, and breach of express and implied warranties of workmanlike performance.

Upon the consent of the parties, the district court referred the action to the magis-

trate, and the parties further consented that appeal from the magistrate's ruling would be taken to the district court. The magistrate held a trial and eventually ruled in favor of ITO, dismissing Mormac's complaint. Mormac appealed to the district court, and ITO cross-appealed to that court. The district court, although disagreeing with the magistrate's rulings as to whether state or federal law applied to certain issues, affirmed the dismissal of Mormac's complaint. Judgment was entered on the district court's decision on October 16, 1985.

On November 13, 1985, Mormac filed in the district court a notice of appeal to this Court. The notice of appeal was promptly transmitted to this Court by the clerk of the district court, and Mormac timely filed the forms required by this Court for prosecution of an appeal. Mormac did not, however, file in this Court a petition for leave to appeal. It asks us to treat its notice of appeal as a petition for review or to treat the present petition as having been filed with its notice of appeal. ITO has moved to dismiss on the ground that Mormac's notice of appeal was insufficient to give this Court jurisdiction; alternatively, ITO requests leave to cross-appeal in the event that we grant Mormac's petition.

For the reasons below, we conclude that we have jurisdiction to entertain the petition for review and we grant the petition.

## DISCUSSION

Section 636(c)(5) of 28 U.S.C. provides that where there has been an appeal from a decision of the magistrate to the district court, the district court's decision "may be reviewed by the appropriate United States court of appeals upon petition for leave to appeal by a party stating specific objections to the judgment." It is clear that Mormac's notice of appeal did not satisfy the requirements of this section. The notice was not a request for permission to appeal, was not even filed in this Court, and did not state Mormac's specific objections to the judgment.

■ Nonetheless, the filing of a notice of appeal, instead of a petition for leave to appeal as required by a statutory scheme such as that set out in 28 U.S.C. § 636(c)(5), is not a defect that deprives the appellate court of jurisdiction. Thus, in *Reconstruction Finance Corp. v. Prudence Securities Advisory Group*, 311 U.S. 579, 582–83, 61 S.Ct. 331, 333–34, 85 L.Ed. 364 (1941), the Supreme Court, construing the similar procedure established by § 250 of the Bankruptcy Act of 1898, 11 U.S.C. § 650 (now repealed), reversed a ruling by this Court which had dismissed an appeal for lack of jurisdiction where the appellants had, without fault, filed a notice of appeal rather than a petition for leave to appeal a bankruptcy matter. The Supreme Court stated as follows: "Normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient. But the defect is not jurisdictional in the sense that it deprives the court of power to allow the appeal. The court has discretion, where the scope of review is not affected, to disregard such an irregularity in the interests of substantial justice." This Court has applied the principle established in *Reconstruction Finance Corp.* in recognizing that the mistaken filing of a notice of appeal rather than a petition for leave to appeal under § 24 of the Bankruptcy Act of 1898, 11 U.S.C. § 47 (now repealed), was not a jurisdictional defect. *New York Credit Men's Adjustment Bureau, Inc. v. David Strauss & Co.*, 296 F.2d 702 (2d Cir.1961) (per curiam).

■ Since 28 U.S.C. § 636(c)(5), enacted as part of the Federal Magistrate Act of 1979, was patterned after 11 U.S.C. § 47, see *Penland v. Warren County Jail*, 759

F.2d 524, 527–31 (6th Cir.1985) (en banc), the mistaken filing of a notice of appeal instead of a petition to appeal under § 636(c)(5) has likewise been held not a jurisdictional defect. *See Wolff v. Wolff,* 768 F.2d 642, 646 (5th Cir.1985). We agree that in the present case, Mormac's filing of a notice of appeal instead of a petition for leave to appeal was not a jurisdictional defect and that we have the power to entertain a petition if we think that course appropriate.

In determining whether to entertain such a petition despite the procedural flaw, we have declined to treat a notice of appeal as a petition for leave to appeal "unless there are circumstances which justify our disregard of such irregularity in the interests of substantial justice." *New York Credit Men's Adjustment Bureau, Inc.,* 296 F.2d at 702 (decided under 11 U.S.C. § 47). Where we have no reason to doubt the bona fides of the petitioner and there is no indication of dilatory tactics, or prejudice to the respondent, or a frivolous appeal, we will normally allow the petition to be filed, especially where the petitioner comes forward with a reasonable explanation for the failure to follow the proper procedure.

In the present case, the petitioner has offered little explanation for its failure. Its attorney has merely stated, in his affidavit in support of the present petition, that he "considered the filing of Notice of Appeal to protect the time for Appeal to this Court." Counsel's error in discerning the proper procedure is not a sufficient excuse, and were there not persuasive reasons to grant the petition we doubtless would decline even to entertain it.

While we intimate no view as to the merits of Mormac's appellate contentions, we entertain and grant the petition principally because it appears that the issues to be considered may have some jurisprudential significance. The magistrate and the district court differed in their conclusions as to whether federal or state law controlled one of the central issues in the case. Mormac has advised us that the district court urged it to appeal to this Court in order that a decisive ruling might be obtained that could serve as guidance in other pending lawsuits. ITO has not disputed this representation. It thus appears that Mormac's appeal may raise substantial issues that ought to be considered by this Court.

We note that the filing of the notice of appeal within 30 days of the district court's judgment indicates that Mormac was not seeking to use dilatory tactics, and that ITO has provided us with no basis for inferring that it has been prejudiced by Mormac's procedural failure. It appears that Mormac timely filed form "C," which is normally required by this Court for the prosecution of an appeal, and served a copy on opposing counsel; this form may have disclosed to ITO Mormac's specific objections to the judgment in the same way that a petition would have done. In any event, these objections are spelled out in the present petition, and we perceive no detriment to ITO from the delay.

In the circumstances, notwithstanding Mormac's lack of any apparent good excuse for failing to file a petition for review as required by § 636(c)(5), we exercise our discretion to allow the petition to be filed nunc pro tunc. In view of the possible jurisprudential significance of the issues raised, we grant the petition for leave to appeal. ITO may, of course, without the need for a cross-appeal, make all arguments in its favor in support of the decision below.