Richard N. PUSHARD, Sr.,
Plaintiff, Appellant,

v.

Judge Ronald RUSSELL,
Defendant, Appellee.

Misc. No. 87–8006.

United States Court of Appeals,
First Circuit.

Submitted Feb. 18, 1987.

Decided March 24, 1987.

Before CAMPBELL, Chief Judge,
COFFIN and BREYER, Circuit Judges.

## MEMORANDUM AND ORDER

The plaintiff has petitioned this court for leave to appeal under 28 U.S.C. § 636(c)(5). The plaintiff brought an action under 42 U.S.C. § 1983 against a Maine state district court judge who entered an *ex parte* Temporary Order for Protection from Abuse, 19 M.R.S.A. § 765(2), against the plaintiff at the request of the plaintiff's wife. In that *pro se* action seeking monetary damages, the plaintiff alleged that the judge negligently entered the order against him which resulted in his eviction from his home and that in doing so, the judge applied an unconstitutional statute in violation of the plaintiff's due process rights.

The parties consented to proceed before a U.S. magistrate with any appeal of right to the U.S. District Court. 28 U.S.C. § 636(c)(1), (4). The magistrate determined that the defendant judge acted within his jurisdiction and consequently is absolutely immune from damages for the act of which the plaintiff complained. On appeal, the district court found the appeal to be frivolous and affirmed the judgment. The plaintiff then brought the present petition. 28 U.S.C. § 636(c)(5).

Rule 5.1 of the Federal Rules of Appellate Procedure provides that "[a]n appeal on petition for leave to appeal is not a matter of right, but its allowance is a matter of sound judicial discretion." We have not previously addressed what standard would serve as an appropriate guideline in exercising "sound judicial discretion." The Eighth Circuit has promulgated their local rule 28(a) which provides as follows in pertinent part:

"Permission for leave to appeal is a matter of sound judicial discretion and will

be granted only if the appeal presents substantial issues for review by this court. The court will exercise its discretion in granting or denying permission to appeal in light of the following guidelines:

(1) Permission to appeal may be denied if

(i) the sole issue on appeal is whether the magistrate's findings of fact are clearly erroneous, and the district court sitting as an appellate court has upheld the magistrate's findings; or

(ii) the dispositive issue or set of issues has been authoritatively decided recently, and the district court has found the magistrate's judgment to be consistent with the authoritative decisions; or

(iii) the issues raised on appeal are otherwise insubstantial.

(2) Permission to appeal will be granted if

(i) the magistrate has decided a substantial question of law not previously determined by this court or has decided it in a way inconsistent with applicable decisions of this court; or

(ii) review is necessary to serve the ends of justice."

Other circuits, in reviewing the legislative history of 28 U.S.C. § 636(c)(5), have reached conclusions, similar to the Eighth Circuit, that "petitions for leave to appeal need be granted only in cases involving substantial and important questions of law." *Penland v. Warren County Jail*, 759 F.2d 524, 528–30 (6th Cir.1985).

■ Circuit courts which have addressed the issue subsequent to the *Penland* case have expressly adopted the criteria enunciated by the Eighth Circuit's local rule 28(a), (excepting section (a)(2)(ii) of that rule), as modified by the Sixth Circuit's *Penland* decision. *Adams v. Heckler*, 794 F.2d 303, 309–10 (7th Cir.1986); *Wolff v. Wolff*, 768 F.2d 642, 646–48 (5th Cir.1985); *cf. Moore McCormack Lines v. Intern. Terminal Oper. Co.*, 784 F.2d 1542, 1545 (2d Cir.1986) (petition for leave to appeal is allowed since it appears that the appeal may raise "substantial issues" that ought to be considered by the court). In this case we need not address the question of tuning more finely the Eighth Circuit's general formulation. We agree that petitions for leave to appeal under 28 U.S.C. § 636(c)(5) should be granted only in cases involving substantial and important questions of law.

■ The present case does not present a substantial or in any way doubtful question of law. The law is well settled that the principle of judicial immunity survived the enactment of 42 U.S.C. § 1983. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). The state district court judge's jurisdiction to enter the *ex parte* order in the matter before him is clearly supported by statute and by the record. *See id.* at 356–57, 98 S.Ct. at 1104 (a judge is subject to liability only when acting in the clear absence of all jurisdiction). Since the dispositive legal issue was authoritatively decided by the Supreme Court of the United States only recently and the court below has found the magistrate's judgment to be consistent with the authoritative decisions, we deny the petition for leave to appeal.

*Denied.*