56 F.3d 10
 67 Fair Empl.Prac.Cas. (BNA) 1679, 31
Fed.R.Serv.3d 1375
Mahmood M. YOONESSI, M.D., Plaintiff-Appellant,
v.
STATE UNIVERSITY OF NEW YORK, at Buffalo; Steven B. Sample,
Individually, and in his capacity as former President, State
University of New York at Buffalo; William R. Greiner,
Individually, and in his capacity as President, State
University of New York at Buffalo; John P. Naughton,
Individually, and in his capacity as Dean and Vice President
for Academic Affairs, School of Medicine, State University
of New York at Buffalo; Myroslaw M. Hreshchyshyn,
Individually, and in his capacity as Chair, Department of
Gynecology and Obstetrics and Administrator of the Joint
Venture, State University of New York at Buffalo and as
Chair, Department of Gynecology and Obstetrics, Millard
Fillmore Hospital; Antonina Canazzi, Individually, and in
her capacity as Assistant to the Chair, Department of
Gynecology and Obstetrics, State University of Buffalo,
Children's Hospital; Children's Hospital of Buffalo;
Robert Paterson, Individually, and in his capacity as
Clinical Chief, Department of Gynecology/Obstetrics,
Children's Hospital of Buffalo; Millard Fillmore Hospital,
Gates Circle; Michael J. Cohen, Individually, and in his
capacity as a former member of the Credentials Committee,
Children's Hospital of Buffalo; Ted Jewett, Individually,
and in his capacity as a member of the Executive Committee,
Children's Hospital of Buffalo; Deborah Licata,
Individually, and in her capacity as former Secretary to the
President of the Medical Staff Hospital of Buffalo; William
Dillon, Individually, and in his capacity as a member of
the Credentials Committee, Children's Hospital of Buffalo;
Patricia K. Duffner, Individually, and in her capacity as a
former member of the Credentials Committee, Children's
Hospital of Buffalo; Leo A. Kane, Individually, and in his
capacity as a former member of the Credentials Committee,
Children's Hospital of Buffalo; Daniel R. Pieroni,
Individually, and in his capacity as a former member of the
Credentials Committee, Children's Hospital of Buffalo; Erie
County Medical Center, Erie County Medical Center, Buffalo,
New York; County of Erie, Erie County Medical Center,
Defendants-Appellees.
 No. 1312, Docket 94-7974.
 United States Court of Appeals,
Second Circuit.
 Argued May 24, 1995.
Decided May 30, 1995.
 
 Mahmood M. Yoonessi, M.D., Buffalo, NY, plaintiff-appellant pro se.
 Denise A. Hartman, Asst. Atty. Gen., Albany, NY (Dennis C. Vacco, Atty. Gen. of the State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Asst. Atty. Gen., Albany, NY, on the brief), for defendants-appellees State University of New York, Steven B. Sample, William R. Greiner, John P. Naughton, Antonina Canazzi, and Myroslaw M. Hreshchyshyn.
 Kenney, Kanaley, Shelton, Notaro, Liptak & Laing, Buffalo, NY (Linda Callahan Laing, Michael J. Kanaley, Jr., Buffalo, NY, of counsel), submitted a brief for defendants-appellees Children's Hosp. of Buffalo, Robert Paterson, Michael J. Cohen, Ted Jewett, Deborah Licata, William Dillon, Patricia K. Duffner, Leo A. Kane, and Daniel R. Pieroni.
 Falk & Siemer, Buffalo, NY (Mary K. Roach, Buffalo, NY, of counsel), submitted a brief for defendants-appellees Millard Fillmore Hosp., Gates Circle, and Myroslaw M. Hreshchyshyn.
 Kenneth A. Schoetz, Erie County Atty., Buffalo, NY (Timothy J. Trost, Asst. County Atty., Buffalo, NY, of counsel), submitted a brief for defendants-appellees Erie County Medical Center and Erie County.
 Before: VAN GRAAFEILAND, KEARSE, and CALABRESI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Mahmood M. Yoonessi, M.D., who was initially represented by counsel in the district court but appears here pro se, has filed a notice of appeal from a final judgment of the United States District Court for the Western District of New York, Richard J. Arcara, Judge, affirming the final judgment of Magistrate Judge Carol E. Heckman, to whom the matter was referred on consent of the parties, see 28 U.S.C. Sec. 636(c) (1988), dismissing the complaint asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (1988 & Supp. III 1991) ("Title VII"), and 42 U.S.C. Secs. 1981, 1983, and 1985 (1988). The decision of the magistrate judge, which was affirmed on appeal to the district judge, principally dismissed plaintiff's claims against state entities on the ground of Eleventh Amendment immunity; dismissed the Title VII claims on the ground that plaintiff had failed to comply with the statutory prerequisite of filing his claim with the appropriate administrative agency; and dismissed the claims under 42 U.S.C. Secs. 1981, 1983, and 1985 on statute-of-limitations grounds. Plaintiff seeks review of these decisions.
 
 
 2
 Where a final judgment entered on the decision of the magistrate judge has been appealed to a district judge, the final judgment entered on the district judge's decision "may be reviewed by the appropriate United States court of appeals upon petition for leave to appeal by a party stating specific objections to the judgment." 28 U.S.C. Sec. 636(c)(5); see Fed.R.App.P. 5.1(a). The party seeking review is required to file a petition for leave to appeal; that requirement is not satisfied by the filing of a notice of appeal. Moore McCormack Lines, Inc. v. International Terminal Operating Co., 784 F.2d 1542, 1544 (1986). The filing of a notice of appeal instead of the required petition for leave to appeal is not a jurisdictional defect, however, and we have discretion to treat the notice of appeal as such a petition. See id.
 
 
 3
 In the present matter, in seeking review of the judgment of the district judge affirming the decision of the magistrate judge, plaintiff filed a notice of appeal rather than a petition for leave to appeal. Although this defect may perhaps be explainable by the fact that, in consenting to have the case referred to a magistrate judge, the parties stipulated that the decision of the magistrate judge could be appealed to both a district judge and this Court, that stipulation could not confer jurisdiction on this Court or compel this Court to accept the appeal following an appeal to a district judge. Nonetheless, having seen no indication that plaintiff has acted in bad faith or for purposes of delay, or that defendants will suffer any prejudice, we exercise our discretion to treat the notice of appeal as a petition for leave to appeal, and we turn to the merits of the petition.
 
 
 4
 "An appeal on petition for leave to appeal is not a matter of right, but its allowance is a matter of sound judicial discretion." Fed.R.App.P. 5.1(a). We would grant such a petition in order to consider issues that "may have some jurisprudential significance," see Moore McCormack Lines, Inc. v. International Terminal Operating Co., 784 F.2d at 1545, as where the magistrate judge and the district court have reached inconsistent conclusions as to what law applies, see id. at 1544, or where the magistrate judge and district court have decided a controlling question of law that has not been settled by this Court, or where there is a substantial likelihood that the decision of the district court is contrary to established precedent of this Court, see generally Keller v. Petsock, 849 F.2d 839, 844 n. 8 (3d Cir.1988) (petition should be granted only if it raises substantial issues of law); Pushard v. Russell, 815 F.2d 1, 2 (1st Cir.1987) (mem.) (same), cert. denied, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); Adams v. Heckler, 794 F.2d 303, 309-10 (7th Cir.1986) (same); Penland v. Warren County Jail, 759 F.2d 524, 529 (6th Cir.1985) (en banc) (same). See also Fuente Cigar, Ltd. v. Roadway Express, Inc., 925 F.2d 370, 373 (11th Cir.1991) (per curiam) (petition may on occasion be granted where the magistrate judge has made findings of fact that the district court has found are clearly erroneous).
 
 
 5
 The present case does not meet these standards. The legal principles applied by the magistrate judge and the district court are well established; the issues raised by plaintiff are not substantial. Accordingly, we deny the petition for leave to appeal.