Tempelman v. Colsia                    CV-02-386-JD  09/26/02
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Andrew D. Tempelman and
Priscilla Tempelman

      v.                              Civil No. 02-386-JD
                                      Opinion No. 2002 DNH 172
Brian Colsia


                              O R D E R


      The plaintiffs, Andrew and Priscilla Tempelman, proceeding
pro se, brought a petition to quiet title in state court,
challenging the sale of their property through a United States
Marshal's Deed.  The plaintiffs allege in their petition that the
sale violated provisions of 28 U.S.C. § 2001 and § 2002 and is,
therefore, invalid, defective, and void ab initio.  The
defendant, Brian Colsia, removed the action to this court
pursuant to 28 U.S.C. § 1441(a) and § 1446.  The Tempelmans move
to remand the case to state court, contending that this court
lacks subject matter jurisdiction.

      A civil action brought in state court may be removed to
federal court if the district court has original jurisdiction
over the action.  28 U.S.C. § 1441(a).  The party seeking removal
from state to federal court bears the burden of showing that
subject matter jurisdiction exists.  See Danca v. Private Health
Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).  In this case,

Colsia contends that subject matter jurisdiction is based on a federal question pursuant to 28 U.S.C. § 1331.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The federal claim or issue must appear on the face of the complaint. See Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 321 (1st Cir. 2001), cert. denied, 122 S. Ct. 1064 (2002).  Colsia argues that because the Tempelmans' state law quiet title action alleges violations of § 2001 and § 2002, which are federal statutes, the complaint states a federal claim on its face. Alternatively, Colsia invokes the "artful pleading" doctrine that prevents plaintiffs from avoiding federal jurisdiction by omitting a necessary federal question.  See, e.g., Rivet v. Regions Bank, 522 U.S. 470, 475 (1998).

Federal jurisdiction under § 1331 exists in two circumstances:  if the complaint alleges a federal cause of action or if "an important federal issue is a central element in the state claim."  Penobscot Nation, 254 F.3d at 321.  "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986).  Instead, the court must carefully examine the nature of the federal issue

to determine its significance, including congressional intent with respect to a private cause of action under the federal statute. See id. at 814. A federal issue is also significant "if the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." Verizon Md., Inc. v. Pub. Serv. Comm'n, 122 S. Ct. 1753, 1759 (2002) (quotation omitted); see also Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983) ("We have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law.").

The Tempelmans' action, titled "Petition to Quiet Title," is presumably brought pursuant to New Hampshire Revised Statutes Annotated § 498:5-a and related state common law. Colsia states that the Tempelmans had a private right of action under § 2001 and § 2002 but provides no support for that statement. Another court has determined that § 2001, governing the procedure for the public sale of property, does not provide a private right of action. See Alicea v. United States, 177 F. Supp. 2d 106, 109 (D.P.R. 2001). Section 2002 requires notice for a public sale of realty and provides the form and process for notice. As such, § 2001 and § 2002 govern a federal proceeding for the sale of

3

realty and necessarily imply that no other proceeding or action could be maintained pursuant to those statutes.[1]  Therefore, because the Tempelmans allege a state cause of action, federal question jurisdiction exists only if the Tempelmans' complaint alleges an important federal issue as a central element of their state law quiet title action.

Determining when a non-federal cause of action arises under federal law requires "principled, pragmatic distinctions . . . 'a selective process which picks the substantial causes out of the web and lays the other ones aside.'"  Merrell Dow, 478 U.S. at 813-14 (quoting Franchise Tax Bd., 463 U.S. at 20-21).  It is well-established that federal question jurisdiction does not exist as to a state tort claim where the plaintiff alleges, as an element of the state law claim, the violation of a federal statute or standard that does not provide an independent cause of action.  See, e.g., id. at 817; Wander v. Kaus, 2002 WL 31096289, at *3 (9th Cir. Sept. 20, 2002); Cabana v. Forcier, 148 F. Supp. 2d 110, 113-14 (D. Mass. 2001).  There appear to be no published

---

[1]The Tempelmans have actively participated in all aspects of the proceedings relating to the tax liens, foreclosure, and sale of their property.  See, e.g., United States v. Tempelman, 2001 WL 725370 (1st Cir. June 26, 2001); Tempelman v. Beasley, 1994 WL 708145 (1st Cir. Dec. 21, 1994); Tempelman v. Barbadoro, 2002 WL 1897659 (D.N.H. Aug. 19, 2002); United States v. Tempelman, 111 F. Supp. 2d 85 (D.N.H. 2000).

4

cases addressing federal subject matter jurisdiction over quiet title actions involving § 2001 or § 2002 or similar federal statutes governing sales of realty. In the context of other quiet title actions and similar cases, however, the existence of a federal question has depended upon the significance of the federal issue as pled in the complaint. See, e.g., Barnett v. Kunkel, 264 U.S. 16, 20 (1924); Hopkins v. Walker, 244 U.S. 486, 491 (1917); West 14th St. Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188, 195-96 (2d Cir. 1987); Oliver v. Trunkline Gas Co., 796 F.2d 86, 89 (5th Cir. 1986); Wuerl v. Int'l Life Science Church, 758 F. Supp. 1084, 1087 (W.D. Pa. 1991).

In this case, the Tempelmans invoke § 2001 and § 2002 as the grounds for invalidating the Marshal's Deed. The complaint does not challenge the meaning, interpretation, or constitutionality of either statute. Instead, it alleges that the sale of the property did not comply with the statutory requirements, raising a purely factual issue. In other words, while the Tempelmans rely on the application of § 2001 and § 2002 as the standard for invalidating the Marshal's Deed, their asserted right does not depend on the particular construction or interpretation given to the statutes. Therefore, as pled, the Tempelmans' complaint does not allege a claim arising under federal law, despite their reliance on federal statutes.

5

Colsia alternatively argues that the Tempelmans' petition should be considered to be a tax refund suit or a motion for a new trial or for relief from judgment under the "artful pleading" doctrine. "Allied as an independent corollary to the well-pleaded complaint rule is the further principle that a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet, 522 U.S. at 475 (quotation omitted). In considering the artful pleading doctrine, the court looks "beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors, and to act accordingly." BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers, 132 F.3d 824, 831 (1st Cir. 1997).

In this case, the Tempelmans pled a federal statutory standard to be applied in their state law quiet title action. Nothing about the claim appears to be omitted or recharacterized. Whether or not the United States is a necessary party and whether the statutory issues were decided in the previous action in this court raise defenses that Colsia may pursue, if appropriate, in the state court action, but do not provide a basis for federal jurisdiction. See, e.g., Rivet, 522 U.S. at 476. The court is not persuaded that the straight-forward quiet title action,

6

alleging a violation of a federal statutory procedure, is in actuality a federal tax refund claim. Therefore, the artful pleading doctrine does not apply to the circumstances of this case.

Colsia has not demonstrated that a federal question exists in this case that would give rise to subject matter jurisdiction pursuant to § 1331. Therefore, the Tempelmans' motion to remand is granted.

The Tempelmans ask that they be awarded fees and costs pursuant to § 1447(c). Ordinarily, pro se litigants cannot recover attorneys' fees because they have not paid for the services of an attorney. See Dubois v. U.S. Dep't of Agriculture, 270 F.3d 77, 81 n.3 (1st Cir. 2001); Weiner v. Tex. Health Choice, L.C., 2002 WL 441428, at *5 (N.D. Tex. Mar. 20, 2002); Ezra v. BWIA Int'l Airways, Ltd., 2000 WL 1364354, at *1 (E.D.N.Y. Sept. 8, 2000). The court, in its discretion, denies an award of fees and costs in this case.

<u>Conclusion</u>

For the foregoing reasons, the plaintiffs' motion to remand (document no. 3) is granted for lack of subject matter jurisdiction, but denied as to the request for fees and costs. The defendant's motion to dismiss (document no. 4) is denied as

7

moot because the court lacks subject matter jurisdiction over the case. The clerk of court shall remand the case to the New Hampshire Superior Court in the Southern District of Hillsborough County and close the case that was opened here.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 26, 2002

cc:  Andrew Tempelman, pro se
     Priscilla Tempelman, pro se
     James F. Ogorchock, Esquire