Euripides DEL–VILLAR–
ROSARIO, Plaintiff

v.

PUERTO RICO DEPARTMENT OF
JUSTICE, et al., Defendants.

Civil No. 06–2244 (JAG).

United States District Court,
D. Puerto Rico.

May 13, 2008.

a pending Order to Show Cause in which Euripides Del–Villar–Rosario ("Plaintiff") was ordered to show good cause why his claims against several named Defendants should not be dismissed. (Docket No. 37). For the reasons set forth below, the Court **DISMISSES** all of Plaintiff's claims.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2006, Plaintiff filed the present action *pro se* and in *forma pauperis* pursuant to 42 U.S.C. § 1983 ("Section 1983") and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131–12165, against: (1) the Department of Justice of the Commonwealth of Puerto Rico ("DOJ"); (2) the Municipality of Toa Baja ("Toa Baja");(3) the Hon. Laura Ivette Ortiz–Flores ("Judge Ortiz"); (4) the Hon. Edgardo Maldonado Maldonado ("Judge Maldonado"), Toa Baja Municipal Judges; (5) the Puerto Rico Housing Department ("PRHD"); (6) the Puerto Rico Police Department ("PRPD"); (7) Fernando Gonzalez ("Gonzalez"), a police officer of the PRPD; (8) Deliris Rodriguez ("Rodriguez"), an official at the Toa Baja's Municipal Housing Department; (9) Yahaira Martinez ("Martinez"); and (10) unknown co-defendants John Does (collectively "Defendants"). Plaintiff alleges that his property was "invaded" or that he was evicted from the same, on three occasions. According to Plaintiff, said invasions/evictions violated his constitutional rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff also brings claims "for gender discrimination under the local counterpart of the [ADA]." Plaintiff seeks compensatory and punitive damages from Defendants in the amount of two hundred and nine million dollars. (Docket No. 2).

Euripides Del–Villar–Rosario, pro se, San Juan, PR.

Iris Alicia Martinez–Juarbe, Department of Justice, San Juan, PR, Michael C. McCall, Aldarondo & Lopez Bras, Guaynabo, PR, for Defendant.

Edgardo Maldonado–Maldonado, Bayamon, PR, pro se.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are several Motions to Dismiss (Docket Nos. 11, 12, 17, 20, 36, and 42). Furthermore, there is

On June 20, 2007, DOJ, PRPD and PRHD moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 11). On June 26, 2007, Judge Ortiz moved to dismiss the complaint on the same grounds. (Docket No. 12). On July 5, 2007, Gonzalez filed a Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(6). (Docket No. 17). On August 27, 2007, Toa Baja also requested dismissal of the complaint on similar grounds. (Docket No. 20).

The aforementioned Defendants aver that the present complaint fails to state valid claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Furthermore, in their requests for dismissal the aforementioned Defendants allege that Plaintiff's complaint is time barred by the applicable one-year statute of limitations for actions brought under Section 1983. DOJ, PRPD and PRHD also contend that the complaint should be dismissed because they are entitled to Eleventh Amendment immunity. (Docket No. 11). Judge Ortiz claims that he is entitled to judicial immunity. (Docket No. 12). Gonzalez invoked qualified immunity. (Docket No. 17). Finally, Toa Baja asserts in its motion to dismiss that the complaint fails to state a claim under ADA because Plaintiff failed to plead the specific physical or mental impairment from which he allegedly suffers, that said condition impaired him from performing a major life activity or that said impairment is substantial. (Docket No. 21).

On October 5, 2007, Plaintiff filed an untitled motion, docketed as "Motion to Amend Complaint and Opposition to Motion to Dismiss." (Docket No. 24). On November 2, 2007, Toa Baja replied to Plaintiff's opposition to the request for dismissal. (Docket No. 27). On November 26, 2007, all of the pending Motions to Dismiss and Plaintiff's "Motion to Amend Complaint and Opposition to Motion to Dismiss" were referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 30).

On March 10, 2008, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge concluded that Plaintiff's Section 1983 claim for alleged violations of his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments rights was time barred because said claim was not filed within the one-year statute of limitations period. Furthermore, the Magistrate Judge found that the Section 1983 claims against DOJ, PRHD and PRPD were barred by the Eleventh Amendment. Additionally, the Magistrate Judge determined that the doctrine of judicial immunity barred Plaintiff's claims against Judge Ortiz. Finally, the Magistrate Judge concluded that Plaintiff's Title II ADA claims should be dismissed because he failed to demonstrate that he is a qualified individual with a disability and that he was discriminated, excluded or denied from participating or benefitting from some public entity's service or program.

As such, the Magistrate Judge recommended that Plaintiff's claims under Section 1983 against DOJ, PRPD, PRHD, and Gonzalez be dismissed with prejudice. Moreover, the Magistrate Judge recommended that this Court order Plaintiff to show cause why the Section 1983 claims against Toa Baja, Martinez and Rodriguez should not be dismissed on statute of limitations grounds. The Magistrate Judge also recommended that Plaintiff's ADA claims be dismissed with prejudice only as to Toa Baja because it was the only party to move for the dismissal of this claim. Finally, the Magistrate Judge recommended that all claims against Judge Ortiz be dismissed with prejudice on judicial immunity grounds. (Docket No. 35).

On March 11, 2008, this Court ordered Plaintiff to show good cause why the section 1983 claims against Toa Baja, Yahaira Martinez, and Deliris Rodriguez should not be dismissed with prejudice on statute of limitation grounds. In addition, Plaintiff was ordered to show good cause why the Age Discrimination claims against DOJ, PRPD, PRHD, Judge Ortiz and Gonzalez should not be dismissed for the reasons stated in the Magistrate Judge's Report and Recommendation. Namely, for failing to demonstrate that he is a qualified individual with a disability and that he was discriminated, excluded or denied from participating or benefitting from some public entity's service or program. (Docket No. 37).

On March 24, 2008, Toa Baja objected to the Report and Recommendation. Toa Baja objects to the Motion to Dismiss standard utilized by the Magistrate Judge.[1] Furthermore, Toa Baja objected to the Magistrate Judge's decision to abstain from entertaining Plaintiff's state law claims. Toa Baja also objected to the Report and Recommendation because the Magistrate Judge "did no independent analysis as to whether plaintiff had stated valid claims under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution." Toa Baja also objects to the Magistrate Judge's failure to specifically address why the complaint fails to state a valid claim for the imposition of municipal liability against Toa Baja under Section 1983. (Docket No. 38).

On April 8, 2008, Plaintiff filed a Motion requesting Order. In said motion Plaintiff restates the arguments he previously proffered in his Complaint and his "Motion to Amend Complaint and Opposition to Motion to Dismiss." Namely, that his First,

Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated. Nonetheless, Plaintiff proffered one objection to the Report and Recommendation. Plaintiff contends that all the Motions to Dismiss should be stricken from the record because Federal Rule of Civil Procedure 12(b)(6) is not applicable to Puerto Rico since it is not a state. (Docket No. 44).

On March 10, 2008, DOJ, PRPD, PRPH, Judge Ortiz and Gonzalez filed an "Amended Motion to Dismiss." In said Motion, the aforementioned Defendants argue that Plaintiff's ADA claims against them should also be dismissed. (Docket No. 36). On April 1, 2008, Judge Maldonado moved to dismiss Plaintiff's claims against him. According to Judge Maldonado, the judicial immunity doctrine bars Plaintiff's claims against him. (Docket No. 42).

## STANDARD OF REVIEW

1) *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan,* 286 F.Supp.2d 231, 233 (D.P.R.2003) (quoting 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make

---

1. The Standard of Review utilized by this Court uses the pleading standard set forth in *Bell Atl. Corp. v. Twombly,* — U.S. —, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), which is the standard that Toa Baja contends is applicable to motions to dismiss in our District.

a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.*, 283 F.Supp.2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections, the district court can assume that they have " 'agreed to the magistrate's recommendation'." *Alamo Rodriguez*, 286 F.Supp.2d at 146 (quoting *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985)).

2) *Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Standard*

In *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95–96 (1st Cir.2007)(quoting *Twombly*, 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a

plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa-Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

### 1) *Judicial Immunity Doctrine*

Judge Maldonado contends in his Motion to Dismiss, (Docket No. 42), that the doctrine of judicial immunity bars Plaintiff's claims against him. "The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson*, 508 U.S. 429, 435, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). Thus, judges are generally immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). The doctrine of judicial immunity applies to Section 1983 suits as well as claims under the ADA. E.g., *Badillo v. Thorpe*, 158 Fed. Appx. 208, 211 (11th Cir.2005)(ADA); *Pushard v. Russell*, 815 F.2d 1, 2 (1st Cir.1987)(Section 1983).

Judges are immune from judicial actions unless they are taken in a complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12, 112 S.Ct. 286. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of

all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–357, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (internal citations omitted).

In his complaint, Plaintiff does not allege that Judge Maldonado lacked jurisdiction. His only intelligible allegation was that "Judgment was Malicious in error." As just mentioned, "[i]f judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error ... or was in excess of his authority." *Mireles*, 502 U.S. at 12–13, 112 S.Ct. 286(internal citations and quotations omitted). As such, we find that the doctrine of judicial immunity is applicable here. Thus, Plaintiff's claims against Judge Maldonado shall be dismissed with prejudice.

In the Report and Recommendation, the Magistrate Judge also concluded that the doctrine of judicial immunity barred Plaintiff's claims against Judge Ortiz. Plaintiff did not object to the Magistrate Judge's recommendation. As such, upon de novo review, we adopt the Magistrate Judge's Report and Recommendation and, accordingly, also dismiss Plaintiff's claims against Judge Ortiz with prejudice.

### 2) *Section 1983 Claims*

It is well settled law that in this District the applicable statute of limitations for Section 1983 claims is one year. *Huertas-Gonzalez v. Univ. of P.R.*, 520 F.Supp.2d 304, 314 (D.P.R.2007). Plaintiff alleges that his constitutional rights were violated when his property was invaded or that he was evicted from the same, on three occasions. The last eviction/invasion occurred on September 2000.

Six years later, on December 8, 2006, Plaintiff filed the present complaint. This certainly does not comply with the one-year statute of limitations applicable to Section 1983 claims. The Magistrate Judge noted this and concluded that Plain-

tiff's Section 1983 claim was barred by the one year statute of limitations. As a result, the Magistrate Judge recommended that the Section 1983 claims against DOJ, PRPD, PRHD, and Gonzalez be dismissed with prejudice. This Court then ordered Plaintiff to show cause why the Section 1983 claims against Toa Baja, Martinez and Rodriguez should not be dismissed on statute of limitations grounds. Plaintiff did not object to the Magistrate Judge's recommendation. Furthermore, Plaintiff failed to respond to this Court's Order to Show Cause.

As such, upon *de novo* review, this Court adopts the Report and Recommendation and dismisses with prejudice the Section 1983 claims against DOJ, PRPD, PRHD, and Gonzalez. Likewise, Plaintiff's Section 1983 claims against Toa Baja, Martinez and Rodriguez shall be dismissed with prejudice.

This Court recognizes that Toa Baja objected to the Magistrate Judge's analysis because he recommended dismissal on statute of limitation grounds and did not address whether Plaintiff had valid claims under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. Toa Baja also objects to the Magistrate Judge's failure to specifically address why the complaint fails to state a valid claim for the imposition of municipal liability under Section 1983. We find that since Plaintiff's claims are time barred and shall be dismissed it is not necessary to determine whether Plaintiff had a valid claim under each of the Amendments stated or whether he stated a valid claim for the imposition of municipal liability.

### 3) *ADA Claims*

Plaintiff also proffered a Title II ADA claim against Defendants. Title II of the ADA, 42 U.S.C. §§ 12131–12165, ad-

dresses discrimination by governmental entities in the operation of public services, programs, and activities. *Buchanan v. Maine*, 469 F.3d 158, 170 (1st Cir.2006). Title II states in pertinent part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to prevail, a Title II Plaintiff must satisfy a three prong test:

(1) that he is a qualified individual with a disability;

(2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Buchanan*, 469 F.3d at 170–171.

Under said statute, a "qualified individual with a disability" is defined as:

an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity. 42 U.S.C. § 12131(2).

"Disability," with respect to an individual, is defined under the ADA as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). To qualify as disabled under the ADA's definition of disability, a claimant must initially prove that he or she has a physical or mental impairment. *Toyota Motor Mfg., Ky. v. Williams*, 534 U.S. 184, 195, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) (citing 42 U.S.C. § 12102(2)(A)). However, "[m]erely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor*, 534 U.S. at 195, 122 S.Ct. 681. The impairment must limit a major life activity. *See* 42 U.S.C. § 12102(2)(A). Examples of "major life activities," include "walking, seeing, hearing," and, as relevant here, "performing manual tasks." 45 CFR § 84.3(j)(2)(ii).

Furthermore to qualify as disabled, a claimant must demonstrate that the limitation on the major life activity is "substantial." 42 U.S.C. § 12102(2)(A). A person is "substantially limited" when he/she is "unable to perform a major life activity that the average person in the general population can perform;" or "significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." *Toyota Motor*, 534 U.S. at 196, 122 S.Ct. 681 (citing 29 CFR § 1630.2(j)). In determining whether an individual is substantially limited in a major life activity, the regulations instruct that the following factors should be considered: "the nature and severity of the impairment; the duration or expected duration of the impairment; and the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment." *Id.* (citing 29 CFR §§ 1630.2(j)(2)(i)-(iii)).

In the case at bar, Plaintiff refers to himself as "handicapped, mentally ill." Furthermore, Plaintiff avers that he suffers from dyslexia "and other medical conditions." However, Plaintiff failed to establish that he qualifies as "disabled" within the meaning of the ADA because he has not identified which major life ac-

tivity has been impaired by his conditions and the extent of said impairment. As such, Plaintiff has failed to satisfy the first prong of the three part Title II test.

 Moreover, Plaintiff has not demonstrated that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and that such exclusion, denial of benefits, or discrimination was by reason of the Plaintiff's disability. Thus, Plaintiff has failed to proffer an adequate Title II ADA claim.

The Magistrate Judge also determined that Plaintiff's ADA claim was inadequate because it did not satisfy the aforementioned three prong test and recommended that his ADA claim against Toa Baja be dismissed. The Magistrate Judge recommended that only the ADA claim against Toa Baja be dismissed because, at the time, it was the only part that had moved for the dismissal of said claim. However, on March 10, 2008, DOJ, PRPD, PRPH, Judge Ortiz and Gonzalez filed an "Amended Motion to Dismiss" requesting that Plaintiff's ADA claims against them should also be dismissed. This Court then ordered Plaintiff to show cause why his ADA claims against DOJ, PRPD, PRPH, Judge Ortiz and Gonzalez should not be dismissed pursuant to the Magistrate Judge's findings in the Report and Recommendation. Plaintiff did not object to the Magistrate Judge's findings in the Report and Recommendation regarding his ADA claims. Additionally, Plaintiff did not respond to this Court's Order to Show Cause or DOJ, PRPD, PRPH, Judge Ortiz and Gonzalez's "Amended Motion to Dismiss."

As such, upon de novo review, this Court adopts the Report and Recommendation and, accordingly, denies Plaintiff's Title II claim against Toa Baja with prejudice. Furthermore, Plaintiff Title II ADA claims against DOJ, PRPD, PRPH, and Gonzalez shall be dismissed with prejudice because they did not satisfy Title II's three prong test.

This Court notes that neither Rodriguez or Martinez have moved for dismissal of their ADA claims. Nonetheless, we find that Plaintiff's ADA claims against them should also be dismissed. This Court recognizes that "[s]ua sponte dismissal should be used sparingly, but is appropriate if it is 'crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile.'" *TMTV Corp. v. Pegasus Broad. of San Juan,* 490 F.Supp.2d 228, 236 (D.P.R.2007)(citing *Chute v. Walker,* 281 F.3d 314, 319 (1st Cir.2002)).

 Rodriguez and Martinez are individual defendants. Even though our Circuit has yet to solve whether there is individual liability under Title VII "this Court has ruled that individual liability does not attach under ADA claims." *Nieves v. Microsoft Caribbean, Inc.,* 2006 WL 1805689, 2006 U.S. Dist. LEXIS 45521 (D.P.R.2006). Specifically, we have held that there is no individual liability under Title II of the ADA. *Toledo v. Univ. of P.R.,* 2008 WL 189561, 2008 U.S. Dist. LEXIS 4248 (D.P.R.2008).[2] Since Rodriguez and Martinez cannot be held liable under Title II of the ADA, Plaintiff's ADA claims against them shall be dismissed with prejudice.

---

**2.** Other Circuit Courts have held that there is no individual liability under Title II of the ADA because for violations of Title II, a plaintiff may only sue a "public entity," not government officials in their individual capacities. *See Vinson v. Thomas,* 288 F.3d 1145, 1155–56 (9th Cir.2002); *Walker v. Snyder,* 213 F.3d 344, 346 (7th Cir.2000); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir.1999)(en banc).

#### 4) *Plaintiff's Objection*

Plaintiff claims that all the pending Motions to Dismiss should be stricken from the record because Fed.R.Civ.P. 12(b)(6) is not applicable to Puerto Rico because it is not a state. Plaintiff's argument is mistaken. On April 12, 1900, the Foraker Act, 31 Stat. 77, became law[3] and officially established the Federal District Court in Puerto Rico. *Examining Bd. of Engineers, Architects & Surveyors v. Flores de Otero,* 426 U.S. 572, 586–587, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976). Thereafter, on September 12, 1966, by Pub. L. 89–571, 80 Stat. 764, this Court was converted into an Article III Court.[4] Essentially, this act placed this Court in the same status as other United States District Courts.[5] *Examining Bd. of Engineers, Architects & Surveyors,* 426 U.S. at 595 n. 26, 96 S.Ct. 2264.

The Federal Rules of Civil Procedure govern the procedure in all civil actions and proceedings in the United States District Courts.[6] Fed.R.Civ.P. 1. As such, Federal Rule of Civil Procedure 12(b)(6) is applicable to Plaintiff's claims. Plaintiff's request is, therefore, denied.

#### 5) *Supplemental State Law Claims*

 Plaintiff also brings claims "for gender discrimination under the local counterpart of the [ADA]." However, this Court should decline to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims when all federal claims are dismissed. *See Camelio v.*

*American Federation,* 137 F.3d 666, 672 (1st Cir.1998) ("[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.") (citations omitted). Since all federal claims shall be dismissed, this Court will exercise its discretion and decline jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff state law claims shall be dismissed without prejudice.

### CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Report and Recommendation, (Docket No. 35), and, accordingly, **GRANTS** the Motions to Dismiss. (Docket Nos. 11, 12, 17 and 20). Furthermore, the Court **GRANTS** DOJ, PRPD, PRPH, Judge Ortiz and Gonzalez's "Amended Motion to Dismiss." (Docket No. 36). The Court also **GRANTS** Judge Maldonado's Motion to Dismiss. (Docket No. 42). All federal claims against Defendants are dismissed with prejudice. Plaintiff state law claims are dismissed without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.

---

3. Even though the Foraker Act has been repealed, certain provisions have been reenacted as the Puerto Rico Federal Relations Act, 48 U.S.C. §§ 731–916.

4. The District of Puerto Rico is now a federal judicial district under 28 U.S.C. § 119.

5. This Act granted the same life tenure and retirement rights during good behavior to future judges appointed to the United States

District Court for the District of Puerto Rico, thus placing the Court in the same status as other United States District Courts. Pub. L. 89–571, 80 Stat. 764.

6. "[S]ince this Court is a federal one, it is properly governed by rules established by Congress alone." *Long v. Continental Casualty Co.,* 323 F.Supp. 1158, 1160 (D.P.R.1970)(citing *United States v. Valentine,* 288 F.Supp. 957, 981 n. 24 (D.P.R.1968)).